## SANTA FE ENGINEERS, INC.
### v.
## The UNITED STATES.
### No. 311–81C.

United States Court of Claims.

May 5, 1982.

---

Marion Edwyn Harrison, Washington, D.C., atty. of record, for plaintiff. Barnett, Alagia & Carey, Washington, D.C., of counsel.

Lorraine B. Halloway, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. William P. Bennett, U.S. Postal Service, Washington, D.C., of counsel.

Before NICHOLS, KASHIWA and SMITH, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SMITH, Judge:

This case presents an interesting facet in a developing long line of cases involving the transition phase of the Contract Disputes Act of 1978 (act)[1] and raises directly an issue of continuing importance to the administration of that act. The question to be decided is whether a contractor has inalterably elected to appeal a contracting officer's final decision to the relevant board of contract appeals (board), instead of directly to this court, if the contractor files an appeal with the board after receiving a notice of appeal rights which informs the contractor that it can appeal to this court "in lieu of" the board. Since we find that there are no genuine issues of material facts and hold that plaintiff received adequate notice of its

rights and then proceeded to appeal the final decisions to the board, we grant defendant's motion for summary judgment and dismiss the petition.

The facts of plaintiff's substantive claims have no bearing on our disposition of this case and, therefore, we only state that plaintiff had a contract, entered into prior to March 1, 1979, the effective date of the act, with the United States Postal Service (Service) and certain claims arose out of the performance of that contract. Plaintiff filed its claims with a Service contracting officer. The contracting officer denied in turn each of the claims. Each of the contracting officer's final decision letters, all issued after March 1, 1979, stated plaintiff's appeal rights, as they related to the act, as follows:

> You may elect to appeal this decision to the Postal Service Board of Contract Appeals pursuant to the Contracts and Disputes Act of 1978 [sic]. If you decide to make an appeal to the Board of Contract Appeals, written notice thereof * * * must be mailed or otherwise furnished to the contracting officer within ninety days from the date you receive this decision. * * * *In lieu of* appealing this decision to the Board of Contract Appeals, you may bring an action directly on the claim in the United States Court of Claims. *Any such action must be filed within twelve months from the date you receive this decision.* [Emphasis supplied.]

An officer of plaintiff, Mrs. Irma Story, responded to each of the final decision letters within the 90-day period for filing with the board and stated that plaintiff appealed the decisions and requested that "all applicable documents be sent to the Board of Contract Appeals." None of plaintiff's responses made any reference to an appeal to this court. All of the appeals were subsequently docketed by the board.

In its motions for continuance with the board, plaintiff stated it was attempting to settle the claims directly with the Service and, absent settlement, it intended to file suit in this court. Subsequently, the board,

---

1. Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* (Supp. III 1979).

878

in its opinion of March 10, 1981, denied plaintiff's motion for dismissal without prejudice, and granted plaintiff a suspension in order that plaintiff could file its petition and, therefore, afford us the opportunity to determine whether we had current jurisdiction over the case. However, the board expressed its opinion that plaintiff had waived its right to direct access to this court because it had elected to file notices of appeal with the board.

The arguments of the parties can be briefly stated. Plaintiff claims that it had not been given adequate notice of its avenues of appeal and therefore *National Electric Coil v. United States* [2] governs. Defendant argues that the final decision letters gave plaintiff adequate notice of its rights and, since plaintiff elected to go to the board, plaintiff cannot now, according to our holding in *Tuttle/White Constructors, Inc. v. United States*, [3] come directly to this court under 41 U.S.C. § 609. [4]

The distinguishing factor which separates the results in *Tuttle/White Constructors, Inc.* and *National Electric Coil* is the notification given to the contractor concerning its rights under the then new Contract Disputes Act of 1978. In *Tuttle/White*, we found that the notice received by the contractor was sufficient to allow it to make a knowing election in which forum, the board or the court, it wanted to bring its action. However, in *National Electric Coil*, we held that the contractor did not make a knowing election since it was not given any indication that the act applied to its claim or that it had a choice of which forum to bring its action. We hold that plaintiff here was given adequate notice of its appeal rights and, by electing to appeal to the board, plaintiff has foreclosed direct access to this court.

We find that the contracting officer's letters clearly informed the contractor of its rights of appeal, as required by section 605(a) [5] of the act. The language, *"[i]n lieu of* appealing this decision to the Board of Contract Appeals, you may bring an action *directly* on the claim in the United States Court of Claims"* (emphasis supplied), could not be more precisely stated. The words italicized above are right out of the statute. [6] We have no choice but to give them their unambiguous meaning in ordinary usage; "in lieu of" must mean "in place of" or "instead of," and "directly" means without any intervening space or time, or deviation of course.

Section 609(a), which grants the alternative forums, refers to the appeal, to a board, of the decision of the contracting officer under section 605. Section 605 uses clear language in two places in subsection (c)(5) to indicate that the contractor has an "either-or" alternative, and not dual avenues of appeal, by authorizing "the commencement of the appeal *or* suit on the claim as otherwise provided in this chapter." (Emphasis supplied.) The alternative avenues are set forth in sections 606 [7] and 607(d), [8]

---

2. *National Elec. Coil v. United States*, Ct.Cl. No. 79–80C (order entered Mar. 17, 1981).

3. *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. ——, 656 F.2d 644 (1981).

4. 41 U.S.C. § 609 (Supp. III 1979).

5. 41 U.S.C. § 605(a) (Supp. III 1979) provides, in part: "The [contracting officer's] decision shall state the reasons for the decision reached, and shall inform the contractor of his rights as provided in this chapter."

6. 41 U.S.C. § 609(a)(1) (Supp. III 1979) provides:
"(1) Except as provided in paragraph (2), and in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may

bring an action directly on the claim in the United States Court of Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary."

7. 41 U.S.C. § 606 (Supp. III 1979) provides:
"Within ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency board of contract appeals, as provided in section 607 of this title."

8. 41 U.S.C. § 607(d) (Supp. III 1979) provides:
"Each agency board shall have jurisdiction to decide any appeal from a decision of a contracting officer (1) relative to a contract made by its agency, and (2) relative to a contract made by any other agency when such agency

with respect to an appeal to a board, and in section 609(a)(1), with respect to a direct action.

Furthermore, we find that even though the final decision letters refer to the act as "the Contracts and Disputes Act" instead of the correct title, "Contract Disputes Act," the letters would put a reasonable person on notice to investigate whether the act was applicable to him and what would be the proper procedures to follow in order to come under the desired provisions of the act. Also, while we neither find nor imply that plaintiff was attempting to subvert the act's requirements, we find that to allow a contractor to file suit with the board within the 90 days mandated by 41 U.S.C. § 606 and then, within the 12-month period mandated by 41 U.S.C. § 609,[9] to file a petition in this court, would "permit contractors unilaterally to establish their own rules of procedure in cases covered by the act." [10]

Finally, we reject plaintiff's contention that since the suggested real party in interest, a subcontractor of plaintiff, Mesa Constructors, did not elect a forum, the plaintiff's election is not binding.[11] There is no indication, nor does plaintiff argue, that anyone but plaintiff was in privity of contract with the Service. Therefore, plaintiff's election also binds the subcontractor.

The court concludes, without hearing oral argument, that plaintiff was given adequate notice of its rights of appeal under the act and, by electing to appeal to the board, has foreclosed direct access to this court. Defendant's motion for summary judgment is granted, and the petition is dismissed.

---

or the Administrator has designated the agency board to decide the appeal. In exercising this jurisdiction, the agency board is authorized to grant any relief that would be available to a litigant asserting a contract claim in the Court of Claims."

9. 41 U.S.C. § 609(a)(3) (Supp. III 1979) provides:

"(3) Any action under paragraph (1) or (2) shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court."

10. *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. at ——, 656 F.2d at 648.

11. 41 U.S.C. § 601(4) (Supp. III 1979) provides that, under the act, the term "contractor" shall mean "a party to a Government contract other than the Government." The legislative history of the act clearly indicates that this language is intended to "exclude bringing subcontractors under the provisions of [the act]. * * * [And Congress] expected that the present sponsorship rules would remain in effect." S.Rep.No. 1118, 95th Cong., 2d Sess. 16, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5250.