**DIAMOND MANUFACTURING COMPANY,**

v.

**The UNITED STATES.**

**No. 548–82 C.**

United States Claims Court.

Sept. 29, 1983.

disciplinary practices of NARF.

---

**6.** It appears from the record that plaintiff provided no additional information on the issue of

A. Camden Lewis, Marvin I. Oberman, and William H. Moore, Jr., Columbia, S.C., for plaintiff.

R. Anthony McCann, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SETO, Judge:

This case is before the court on defendant's Motion for Summary Judgment. It involves a claim by a subcontractor to a Government contract between Magann Corporation (Magann) and the United States. Plaintiff maintains that its subcontract with Magann, the general contractor, gives rise to an express or implied contract between plaintiff and the United States. Alternatively, plaintiff maintains that there was an assignment to plaintiff of the general contractor's rights. Plaintiff therefore contends that it is proper to bring its claims against the United States before the United States Claims Court.

The statute which allows a contractor to proceed directly before the Claims Court is the Contract Disputes Act. 41 U.S.C. § 609 (1978). Case law regarding the rights of a subcontractor to proceed according to this statute is clear. There must be either an express or implied-in-fact contract between claimant and the United States in order for the claimant to bring a direct action in this court.

In the case at bar, an express or implied-in-fact contract between plaintiff and the United States does not exist. Thus, plaintiff has no direct cause of action against the United States.

Contrary to plaintiff's assertions, there has not been an assignment of the general contractor's rights to plaintiff. Further, even if an otherwise valid assignment had taken place, the general contractor has elected not to proceed under the Contract Disputes Act. Therefore, plaintiff is barred from bringing a direct action before this court.

## FACTS

Contract DACW60–77–C–0018 between the United States and Magann Corporation was entered into on September 2, 1977, for the construction of a channel jetty system at Murrells Inlet, South Carolina. Magann subcontracted the dredging work under the contract to plaintiff Diamond Manufacturing Co., Inc. (Diamond).

Performance of the dredging began on September 20, 1978, and continued through January 2, 1979, at which time Diamond ceased work, alleging that the contract specifications were impossible to perform. Magann submitted its claim for defective and impossible specifications to the Government's contracting officer on December 11, 1978. On October 26, 1981, the contracting officer issued his final decision denying Magann's claims. On November 25, 1981, Magann notified the contracting officer, in accordance with the final decision, that it had elected not to proceed under the Contract Disputes Act. On March 19, 1982, Magann Corporation filed its appeal of the contracting officer's final decision with the Corps of Engineers Board of Contract Appeals. This appeal is still pending before that board.

Diamond submitted new data to the contracting officer for reconsideration of his initial decision. Diamond then received a letter dated December 16, 1982, in which the contracting officer reaffirmed his initial decision. On October 26, 1982, Diamond filed this suit seeking review of the contracting officer's decision.

## DISCUSSION

■ Plaintiff brings suit in the Claims Court alleging contractual violations. Plaintiff alleges that its contractual rights are established by the subcontract or by an assignment by Magann of its contractual rights to plaintiff. The Tucker Act, 28 U.S.C. § 1491(a)(1) (1976), sets out the Claims Court's jurisdiction over suits against the United States where the claimant establishes the existence of a contractual relationship with the United States:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any *express or implied contract* with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. [Emphasis supplied].

The courts have interpreted this statute as extending jurisdiction to express contracts and contracts implied in fact; contracts implied in law are not within the court's jurisdiction. *Merritt v. United States,* 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643 (1925); *Algonac Manufacturing Co. v. United States,* 192 Ct.Cl. 649, 428 F.2d 1241 (1970). It is undisputed that plaintiff did not have an express contract with the United States. Consequently, plaintiff's direct claim against the United States in this court depends on the existence of an implied-in-fact contract.

■ Generally, a contract implied in fact is one founded upon a meeting of minds, which, although not embodied in an express contract, is inferred as fact from the conduct of the parties in light of surrounding circumstances. *Porter v. United States,* 204 Ct.Cl. 355, 496 F.2d 583 (1974), *cert. denied* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761; *Somali Development Bank v. United States,* 205 Ct.Cl. 741, 508 F.2d 817 (1974). Plaintiff has failed to show or allege any proof, other than the subcontract, which would support the requisite finding of a meeting of the minds. Case law is clear that a subcontract in and of itself does not give rise to an implied contract with the United States. *See, e.g., Beaconwear Clothing Co. v. United States,* 174 Ct.Cl. 40, 355 F.2d 583 (1966), where the court found

no contract between a subcontractor and the Government. There the subcontractor contended that since it had assumed the complete responsibility for a discrete part of the prime contract, it had in fact become a prime contractor with regard to the Government. The court held that this by itself, was not sufficient to establish the contract. While the Government had assented to the subcontract, it had not assented to the subcontractor becoming a prime contractor. The Government had never dealt with the subcontractor directly. The court therefore held that there had not been a showing of privity nor of an implied-in-fact contract.

■ Plaintiff also has not made a showing that privity exists here. The fact that a subcontractual relationship exists does not establish the requisite relationship between the plaintiff and the Government necessary to this court's jurisdiction, i.e., privity between the parties.

■ Plaintiff further asserts that an assignment of contractual rights by the general contractor to plaintiff existed. Plaintiff, however, proffers no evidence for its contention. Moreover, under these circumstances, any such assignment would be invalid as to the Government. The Assignment of Claims Act, 31 U.S.C. § 203, permits assignment of moneys due, or that become due from the United States under contract, only to *banks, trust companies,* or other *financing institutions.* Where an assignee does not fit into one of these categories, the assignment is invalid as to the United States. *Beaconwear Clothing Co. v. United States,* 174 Ct.Cl. 40, 355 F.2d 583 (1966). Plaintiff does not assert that it is a "bank" or a "trust." It also does not claim to be a "financing institution." Thus, under the terms of the Assignment of Claims Act, it cannot be a valid assignee in this case.

■ Even assuming *arguendo* that plaintiff could have validly been assigned Magann's contractual right, plaintiff's action would still be barred since Magann elected to appeal the contracting officer's

final decision to the Corps of Engineers Board of Contract Appeals. Under the Contract Disputes Act, which applies to all claims initiated after its enactment, a contractor can *either* appeal an adverse *final* decision of the contracting officer to the appropriate board of contract appeals *or* seek relief from the contracting officer's decision in the Claims Court. It cannot do both. The relevant statute, 41 U.S.C. § 606, provides:

[W]ithin ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency board of contract appeals, as provided in section 607 of this title.

In the alternative, 41 U.S.C. § 609(a)(1) states:

[I]n lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary.

These alternatives have been interpreted as being mutually exclusive. Once the avenue of appealing the contracting officer's final decision to the agency board of contract appeals is chosen, plaintiff can no longer elect to bring suit directly in the Claims Court under the Contract Disputes Act. *Tuttle/White Constructors, Inc. v. United States,* 656 F.2d 644 (1981); *Santa Fe Engineers v. United States,* 677 F.2d 876 (1982).

For the reasons stated heretofore, defendant's Motion for Summary Judgment is GRANTED and plaintiff's petition is DISMISSED.