ORDER

AVIATION & TRANSPORTATION
PROPERTIES, INC., d/b/a
Auburn Flying Service, Plaintiff,

v.

The UNITED STATES, Defendant.

Nos. 458–86C, 459–86C.

United States Claims Court.

Oct. 23, 1986.

MOODY R. TIDWELL, III, Judge.

On September 30, 1986 plaintiff filed a motion in this court requesting a continuance of this case until such time as the Postal Service Board of Contract Appeals rules, and if the opinion should be adverse to plaintiff, until plaintiff has completed its appeal from the PSBCA to the United States Court of Appeals for the Federal Circuit. A similar motion in a related case, No. 458–86C, was filed on October 7, 1986.

According to the motion both cases were filed here for the purpose of protecting plaintiff's right of appeal to this court in the event the PSBCA and/or the United States Court of Appeals for the Federal Circuit dismissed the cases presently or to come before them.[1]

This court is of the opinion that it does not have jurisdiction to hear the cases in light of the contract appeal procedures under the Contract Disputes Act. Section 606 of Title 41 of the United States Code provides a disputes resolving procedure before a board of contract appeals, but makes it amply clear that any appeal to that forum must be made within 90 days of receipt of the contracting officer's decision. Section 609 of the same title provides a judicial disputes resolving remedy before this court and mandates that the action be filed within twelve months of the date of receipt by the contractor of the decision of the contracting officer. Section 609(a)(1), is of particular importance. It provides, in part, "[I]n lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court...." 41 U.S.C. § 609(a)(1).

The remedies are exclusive of each other. A contractor may appeal any adverse deci-

---

**1.** Movant indicates that defendant has challenged the jurisdiction of the PSBCA on the basis that the cases were untimely filed.

88

sion of a contracting officer to either the appropriate board of contract appeals or to the United States Claims Court, but not both, not even *seriatim.* The role of the United States Court of Appeals for the Federal Circuit is to hear appeals directly from agency boards of contract appeals and the United States Claims Court. This court would have absolutely no jurisdiction to hear an appeal of a contracting officer's decision once the contractor had appealed to a board of contract appeals and thence to the United States Court of Appeals for the Federal Circuit.

■ Under the Contract Disputes Act, the contractor must make an election to either litigate in the United States Claims Court or the PSBCA, but not both. A Postal Service contractor who elected to appeal its contract dispute before the PSBCA instead of directly before the United States Claims Court is foreclosed from bringing the dispute before the United States Claims Court. *Santa Fe Engineers, Inc. v. United States,* 230 Ct.Cl. 512, 677 F.2d 876 (1982); *Conoc Construction Corp. v. United States,* 3 Cl.Ct. 146 (1983) (A government contractor may elect its forum, but once the election is made it is irreversible).

In the two related cases before the bar the contractor elected to appeal the contracting officer's final decision to the Postal Service Board of Contract Appeals, thereby precluding it from ever properly filing those cases in this court.

Accordingly, the clerk is directed to dismiss cases Nos. 458–86C and 459–86C with prejudice. No costs.

IT IS SO ORDERED.