**W & J CONSTRUCTION CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 666–85C.**

United States Claims Court.

June 19, 1987.

V. Keith Young and Leonard H. Frieman, Washington, D.C., for plaintiff.

Karen S. Fishman, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

SETO, Judge.

This government contract case comes before the court on defendant's motion for an order to dismiss plaintiff's claim for lack of jurisdiction, or in the alternative, for summary judgment. Defendant asserts that plaintiff's "direct access" to the Claims Court under 41 U.S.C. § 609(a) (1982) is precluded by its alleged election to proceed before the National Aeronautics and Space Administration Board of Contract Appeals (NASA Board or Board). Plaintiff in response asserts that its proceedings before the Board were undertaken merely to request a final decision on the contract claim from the contracting officer as authorized by 41 U.S.C. § 605(c)(4) (1982), and cannot be construed as a binding election to bring the merits of its claim before the Board. For the reasons stated herein, we find that plaintiff's claim is properly before the Claims Court and thus defendant's motions are DENIED.

### FACTS [1]

Plaintiff, W & J Construction Corporation, entered into a contract with the National Aeronautics and Space Administration (NASA) in May 1982 to build a solid rocket booster facility at Kennedy Space Center, Florida. As a result of alleged design deficiencies in the government-fur-

---

1. Plaintiff, for the purpose of these alternative motions, has accepted the facts as stated in Defendant's Proposed Findings of Uncontroverted Facts.

nished drawings, plaintiff contends it incurred impact and delay costs and submitted a certified claim to the contracting officer seeking recovery of those costs in April 1985. The contracting officer, however, failed to issue a final decision on plaintiff's certified claim, or to notify plaintiff of the time within which a decision would be issued, as required by 41 U.S.C. § 605(c)(2). *See* Defendant's Appendix at 9. Consequently, plaintiff sent two arguably vague letters to the Board in July 1985. Plaintiff's first letter to the Board, captioned "Notice of Intent to Appeal[2] Failure of Contracting Officer to Issue a Final Decision," stated that:

> The Contracting Officer has failed and refused to issue a final decision on [the structural steel delays] claim even though the time period has long since passed.
>
> Therefore, ... this shall constitute our Notice of Intent to appeal the Contracting Officer's failure to issue a Final Decision in connection with the above-referenced claim.

*See* Defendant's Appendix at 7–8.

Plaintiff's second letter, dated July 24, stated:

> We refer you to our letter of July 23 wherein we filed the Notice of Intent to Appeal the Contracting Officer's failure to issue a Final Decision.
>
> Through an abundance of caution, we wish to advise that our client has elected to proceed under the Contract Disputes Act of 1978. We further advise that the Contracting Officer failed to comply with the mandates of either subparagraphs (A) or (B) of Section 6(c)(2) of the Act. We incorporate herein the text of our letter of July 23 so as to make it abundantly clear that your Board has jurisdiction over these proceedings.

*See* Defendant's Appendix at 9.

The Board, in a letter dated July 30, 1985, responded to plaintiff that it had:

> Received and docketed the appeal of [plaintiff] relating to the alleged failure

of the Contracting Officer to issue a final decision with respect to its certified claim....

> If the claim is not settled within 30 days from the date of this notice, the Contracting Officer shall issue a final decision pursuant to the Contract Disputes Act of 1978, and the implementing regulations. The Contracting Officer is requested to timely furnish a copy of the decision to this Board.
>
> Upon receipt of the Contracting Officer's decision Appellant may then appeal the decision or bring suit on it pursuant to Section 7 or 10 respectively of the Contract Disputes Act of 1978.
>
> Failure to issue the decision within the period of the stay of the proceedings will be deemed a decision denying the claim and will authorize the commencement of the appeal or suit on the claim pursuant to Section 6(c)(5) of the Contract Disputes Act of 1978.

*See* Defendant's Appendix at 15–16.

On July 29, the contracting officer issued a final decision on the contract dispute in favor of defendant, and informed plaintiff in its order that plaintiff had available two avenues in which to appeal the adverse decision, either to the NASA Board or directly to the U.S. Court of Claims. *See* Defendant's Appendix at 12. The Board received the officer's final decision on August 12, 1985 and thereafter dismissed plaintiff's claim, reiterating the contracting officer's statement that the adverse decision could be appealed to either the Board or to the Claims Court under the Contract Disputes Act. *See* Defendant's Appendix at 17–18. Plaintiff filed this suit in the Claims Court on November 13, 1985, asserting jurisdiction under 28 U.S.C. § 1491 and 41 U.S.C. § 609(a)(1).

## DISCUSSION

The pivotal issue in this case is whether plaintiff's letters to the Board, set out above in pertinent part, should be construed as an appeal from a deemed denial,

---

**2.** Although plaintiff and the Board both refer to plaintiff's letters as an "appeal," the court does not find this nomenclature, taken in context, to be determinative or persuasive on the point of whether plaintiff was proceeding under section 605(c)(4) or 605(c)(5).

as provided for in section 605(c)(5) [3] or, as a request for for an actual decision from the contracting officer as authorized by section 605(c)(4). [4]

Defendant, characterizing the letters as the former, moves to dismiss plaintiff's claim on the ground that plaintiff is precluded from invoking section 609(a)(1), [5] which provides a contractor direct access to the Claims Court *in lieu* of appealing the contracting officer's adverse decision to an agency board. Since plaintiff elected to submit its claim to the Board, defendant avers, it can no longer elect to appeal directly to the Claims Court. *See Diamond Manufacturing Co. v. United States,* 3 Cl.Ct. 424, 427 (1983), citing *Tuttle/White Constructors, Inc. v. United States,* 228 Ct.Cl. 354, 656 F.2d 644 (1981) and *Santa Fe Engineers v. United States,* 230 Ct.Cl. 512, 677 F.2d 876 (1982). Defendant urges this court to find that plaintiff's letters to the Board appealing from the contracting officer's failure to issue a final decision, constituted plaintiff's binding election of a forum and therefore, the instant appeal of the contracting officer's final decision cannot be maintained in this court. *See Beacon Oil Co. v. United States,* 8 Cl.Ct. 695, 697, 699 (1985) (electing to appeal contracting officer's final decision to agency board precludes jurisdiction in Claims Court).

Plaintiff countervails that defendant misconstrues the nature and the implications of the letters it submitted to the NASA Board. Plaintiff contends that its letters to the Board evidence merely its choice to exercise the option under section 605(c)(4) to request the Board to direct the contract-

ing officer to issue a decision within a specified period of time. Citing *Vemo Co. v. United States,* 9 Cl.Ct. 217 (1985), plaintiff asserts that section 605(c)(5) is permissive and not mandatory, and therefore plaintiff could choose either to deem the contracting officer's failure to act as a denial of the claim, or to request the Board to direct an actual decision on the merits from the contracting officer. Because plaintiff did *not* choose to deem the contracting officer's failure to decide as a denial on the merits, the letters were not and could not have been construed as an appeal to the Board. Moreover, plaintiff contends that the cases defendant relies on to support its argument that plaintiff made a binding election are inapposite to the instant facts. In each of the cases cited by defendant, plaintiff indicates that a contracting officer had rendered a *final decision* on the merits of a claim and that final decision was the basis for appeal to either the Claims Court or an agency board of contract appeals. In the instant case, however, no final written decision had been issued at the time plaintiff petitioned the Board to direct the contracting officer's decision. Plaintiff further avers that construing the exercise of section 605(c)(4) as a binding election would emasculate the purpose of the provision because a contractor could not petition the Board to obtain the contracting officer's final decision without losing the right to appeal a final decision to the Claims Court.

■ We agree with plaintiff's several contentions. First, this court adopts the well-reasoned decision in *Vemo,* which held that

---

3. *See* 41 U.S.C. § 605(c)(5) (1982), which provides:

Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer.

4. *See* 41 U.S.C. § 605(c)(4) (1982), which provides:

A contractor may request the agency board of contract appeals to direct a contracting officer to issue a decision in a specified period, as determined by the board, in the event of undue delay on the part of the contracting officer.

5. Section 609(a)(1) provides in pertinent part:

[I]n lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court....

section 605(c)(5) of the Contract Disputes Act is permissive rather than mandatory. That court considered the critical statutory language—"will be deemed" and "will authorize commencement of a suit"—and suggested that the plain language of this statutory provision, read in its entirety, supports the permissive argument. *Vemo*, 9 Cl.Ct. at 219–20. Although the legislative history of the Act did not elucidate the mandatory/permissive distinction, the *Vemo* court found that its general tenor suggested that a mandatory application of section 605(c)(5) had not been anticipated, and further, because the section was designed primarily to benefit government contractors who were experiencing delays at the hands of contracting officers, the government should not be allowed to use the provision as a shield. *Id.* at 220–21. The time within which an appeal must be taken commences to run only upon receipt of written final decision from the contracting officer.[6]

◼ We turn next to plaintiff's letters to the Board to determine what legal significance the letters should be accorded. Although the letters did not expressly convey that plaintiff was proceeding under section 605(c)(4) and had rejected its remedy under section 605(c)(5), the court finds that the plain language of the letters taken in context indicates that plaintiff had not deemed the contracting officer's failure to issue a decision as a denial of the claim. The first letter states that plaintiff intended to appeal the contracting officer's *failure to issue a final decision*. We would expect plaintiff to use language that expressed an intent to appeal the deemed *denial* of its claim, if plaintiff had meant to follow that course of action. The court also finds it significant that neither the Board nor the contracting officer apparently interpreted the letters as an appeal of a deemed denial, as their communications with plaintiff show. The plain language of plaintiff's letters, although arguably vague, taken in tandem with the Board's interpretation, mandates us to conclude that plaintiff was

not exercising section 605(c)(5), but was requesting an *actual* decision from the contracting officer, as authorized by section 605(c)(4).

Other factors as well direct us to conclude that absent the receipt of a contracting officer's final written decision on the merits or a clear election to treat the failure to decide timely as a decision, a a binding election of a forum cannot be made. For one, we agree with plaintiff's assessment that defendant's interpretation of the Contract Disputes Act would emasculate the purpose of section 605(c)(4). It would seem, under defendant's interpretation, that every invocation of section 605(c)(4) would constitute an informed and binding election to proceed before an agency board rather than the Claims Court for the remainder of the case. This interpretation is contrary to the purpose of the Contract Disputes Act, as enunciated in the legislative history, which is to provide alternative forums for resolving contract disputes. *See* S.Rep. No. 1118, 95th Cong., 2d Sess. 1, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5235; *Great Lakes Educational Consultants v. Federal Emergency Management Agency*, 582 F.Supp. 193, 195 (W.D.Mich.1984). Another concern is that a contractor's election must be "knowing" before it may be considered irreversibly binding. *See S.E.R., Jobs for Progress, Inc. v. United States*, 759 F.2d 1, 3 (Fed.Cir.1985); *Santa Fe*, 230 Ct.Cl. at 515, 677 F.2d at 878. Our predecessor court has permitted a contractor to change its avenue of appeal upon finding that a knowing election of a forum was not made. *See National Electric Coil v. United States*, 227 Ct.Cl. 595, 597 (1981) (plaintiff not informed of recently enacted Contract Disputes Act and not bound to uninformed election). In the instant case, plaintiff cannot be charged with a knowing election of a forum since plaintiff intended merely to exercise its section 605(c)(4) remedy and had no reason to contemplate or question whether invoking section 605(c)(4) would

---

6. *Pathman Construction Co. v. United States*, 10 Cl.Ct. 142 (1986), Rev'd, 817 F.2d 1573 (Fed.Cir. 1987).

forever bar its right to proceed under section 609(a) before the Claims Court.[7] Use of section 605(c)(4) has not been interpreted as binding a contractor to litigate the merits of a government contract dispute before an agency board; therefore we cannot possibly impute knowledge of a nonexisting legal theory to plaintiff.

In addition to the knowledge element, the courts have looked also for a positive *act* that manifests an election of forums. The Contract Disputes Act does not detail the time or manner in which an election should be made, *see Essex Electro Engineers, Inc. v. United States*, 702 F.2d 998, 1003 (Fed. Cir.1983); but some positive act in addition to informed act has been required before the court will acknowledge an election of forums. *Tuttle/White*, 228 Ct.Cl. at 358–59, 656 F.2d at 647 (contractor must make a positive, conscious and unwavering election of forum). For example, our predecessor court granted jurisdiction to a plaintiff who filed a complaint in the Court of Claims, having received from the contracting officer neither a final decision nor the time within which an opinion would be issued. Apparently the affirmative act of filing in the Court of Claims was sufficient to manifest the intent to deem the claim denied and elect to appeal the denial in the Court of Claims. *See SCM Corp. v. United States*, 225 Ct.Cl. 647, 649 (1980); *see also S.J. Groves & Sons Co. v. United States*, 228 Ct.Cl. 598, 603, 661 F.2d 170, 173 (1981) (conscious and actual filing of claim with Board constituted election); *Zinger Construction Co. v. United States*, 753 F.2d 1053, 1054 (Fed.Cir.1985) (after lapse of reasonable time, contracting officer is deemed to have denied claim when plaintiff filed appeal with Board and Board accepted jurisdiction). The instant case is factually similar in its focus on whether plaintiff deemed the contracting officer's failure a denial, and consequently elected

the NASA Board as the forum for appeal. We, however, cannot give the letters the same force as the *SCM* court gave the complaint filed in the Court of Claims—the deemed denial and election in *SCM* was by far much clearer. The right to elect a forum in which to appeal the merits of a contract claim is an important one; moreover, only a final written decision triggers the running of the statute of limitations period during which the adverse decision may be appealed.[8] Therefore, the court is loath to assume a denial of the claim and election of the NASA Board on the basis of vague and equivocal letters. We would require a clear, affirmative act that would allow us to ascertain fairly and without reserve that a claim had been deemed denied and an election of forums had been made by the plaintiff.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is denied. The case is not amenable to disposition on summary judgment on the basis of the information submitted to the court thus far, and therefore defendant's motion for summary judgment is DENIED. Proceedings are ordered to continue in accordance with Appendix G of the Rules of the U.S. Claims Court. No costs.

IT IS SO ORDERED.

---

7. Indeed, the July 30th letter from the Board to plaintiff is the first evidence that plaintiff was advised of his right to elect a forum in which to appeal the final decision from the contracting officer, although plaintiff may well have been aware of the choice earlier. *See* Defendant's Motion at 5.

8. *G & H Machinery Co. v. United States*, 7 Cl.Ct. 199 (1985); *Turner Construction Co. v. United States*, 9 Cl.Ct. 214 (1985); *La Coste v. United States*, 9 Cl.Ct. 313 (1985). *Compare Pathman Construction Co. v. United States*, 10 Cl.Ct. 142, 149 (1986), rev'd 817 F.2d 1573 (Fed.Cir.1987).