884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OCONTO ELECTRIC, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1226.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1989.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 Oconto Electric, Inc. (Oconto) appeals from a decision of the Armed Services Board of Contract Appeals. ASBCA No. 36789, 88-3 B.C.A. (CCH) p 21,188. That board granted the government's motion to dismiss Oconto's appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Oconto submitted a claim for additional costs it incurred during the performance of a contract with the Air Force. The Air Force's contracting officer denied that claim by final decision dated January 6, 1987. Oconto now argues that the board erred in concluding that a letter dated January 22, 1987, was inadequate to constitute a notice of appeal to the board.
 
 
 3
 We agree with the parties that the issue of the timeliness of Oconto's appeal to the board is a question of law that this Court is free to decide. See Richardson Camera Co. v. United States, 467 F.2d 491, 494 (Ct.Cl.1972). As Oconto concedes on brief, in order to be effective as an appeal to the board a letter must among other things indicate an intention to appeal to a higher authority than the contracting officer. See id. at 496. The board properly examined the plain language of the letter in the context of surrounding events and concluded that it failed to evidence an intention to appeal. See id. We agree.
 
 
 4
 Although the language of the letter might not be determinative of whether it was intended to constitute an appeal to the board, subsequent events confirm that it was not so intended. As the board noted, Oconto threatened to appeal the contracting officer's decision to the Claims Court in a letter dated May 28, 1987, more than four months after the January 22, 1987, date of the letter that Oconto now claims to have been an appeal to the board. If Oconto had already appealed to the board, it would have had no need to also appeal to the Claims Court, and in fact would have been precluded from doing so. See Santa Fe Eng'rs, Inc. v. United States, 677 F.2d 876 (Ct.Cl.1982). In addition, Oconto waited until after being notified in January of 1988 that its time to appeal the contracting officer's decision had run to pursue its alleged appeal to the board. As the board recognized, the absence of any action between then and the date of the alleged appeal is unexplained.
 
 
 5
 In sum, we conclude that the board properly dismissed Oconto's appeal for lack of jurisdiction.