## OLSBERG EXCAVATING COMPANY

### v.

### The UNITED STATES.

### No. 516–82C.

United States Claims Court.

Sept. 8, 1983.

Thomas J. Young, Omaha, Neb., for plaintiff.

Eileen P. Fennessy, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

WOOD, Judge:

This contract case, before the court on defendant's motion for summary judgment, presents a jurisdictional issue under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 et seq. (Supp. V 1981) apparently not heretofore considered judicially.[1]

Section 7 of the 1978 act provides that, within ninety days from the date of receipt of a contracting officer's decision under section 6, a contractor may appeal such decision to an agency board of contract appeals. Under section 10(a)(1), however, the contractor may, "in lieu of appealing the decision of the contracting officer * * * to an agency board, * * * bring an action directly on the claim * * *" in this court.[2]

The narrow issue here is this: where a contractor has purported to appeal a contracting officer's decision to an agency board of contract appeals pursuant to section 7 *more* than ninety days after its receipt of that decision, and the "appeal" has accordingly been dismissed as untimely, is an action "directly on the claim," begun in this court within twelve months after the contractor's receipt of the contracting officer's decision[3], barred by the untimely administrative appeal?

Defendant insists that the question must be answered in the affirmative. Relying primarily on *Tuttle/White Constructors, Inc. v. United States,* 228 Ct.Cl. 354, 656 F.2d 644 (1981) and *Santa Fe Engineers, Inc. v. United States,* 230 Ct.Cl. ——, 677 F.2d 876 (1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 569, 74 L.Ed.2d 932 (1983), it asserts that the filing of even an untimely appeal of a contracting officer's decision to an agency board amounts to a binding choice of forum foreclosing any later direct access to this court under section 10(a)(1). As defendant sees the situation, plaintiff "made a knowing and binding [if untimely] election to appeal to the board", and "that election precludes the direct access claim

---

1. Neither party has cited any court decision involving the precise issue here raised, nor has independent research led to any such decision.

2. Section 10(a)(3) requires that any such action "be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim * * *."

3. Plaintiff's complaint was filed October 7, 1982. That date is within twelve months from the date plaintiff allegedly received the decision of the contracting officer concerning the claim, and the court assumes (without deciding) that the complaint was filed within the time limits prescribed by section 10(a)(3).

advanced by the complaint in this case."[4] The court cannot agree.

## I

On May 6, 1980, defendant, acting through the Federal Aviation Administration, awarded to plaintiff a contract (Contract No. DTFA09–80–C–20016) calling for the installation of a medium-intensity approach lighting system with runway alignment indicator lights at an airport in Joplin, Missouri.

Plaintiff duly submitted to the contracting officer for decision six claims which arose during the course of performance of the contract. By letter, dated October 5, 1981, to plaintiff, the contracting officer acted upon five of the said claims.[5] The contracting officer's said letter added that "This is the final decision of the Contracting Officer"; that should plaintiff decide to appeal that decision to the Department of Transportation Board of Contract Appeals ("the board") it "must mail or otherwise furnish written notice thereof" to the board "within 90 days from the date you receive this decision"; and that, "Instead of appealing to the Board * * *, you may bring an action directly in the U.S. Court of Claims within 12 months of the date you receive this decision."

On or about July 4, 1982, nearly nine months after plaintiff's receipt of the October 5, 1981, decision,[6] plaintiff mailed to the board a notice of appeal from that decision.[7] The government moved to dismiss the appeal as untimely. The board promptly (and properly) agreed that the appeal had not been timely filed, and dismissed it. Cf. Cosmic Construction Co. v. United States, 697 F.2d 1389 (Fed.Cir.1982).

On October 7, 1982, plaintiff filed a complaint in this court, asserting in substance that defendant owes it $20,879.18 on four of the claims denied, in whole or in part, by the contracting officer. After answering the complaint, defendant moved that it be dismissed for lack of jurisdiction.

## II

Tuttle/White teaches that where, within ninety days after receiving a contracting officer's final decision, a contractor properly informed of its rights under the Contract Disputes Act elects to exercise its statutory option to "appeal such decision to an agency board of contract appeals", that contractor can "no longer elect to bring suit directly in this court * * *" under section 10(a)(1). Id., 228 Ct.Cl. at 358, 656 F.2d at 647. Once a contractor has made an informed and effective "choice of forums" by timely opting to pursue its rights before an agency board, it is no longer free to "utilize the direct access provision of the Contract Disputes Act to appeal the adverse decision to this court." Id., 228 Ct.Cl. at 361, 656 F.2d at 649.

In both Tuttle/White and Santa Fe Engineers a true "choice" of forum was involved. In each case, there was an informed exercise of the contractor's right to elect between two or more alternative, co-existing, and viable remedies actually available to the contractor at the time of the election. Cf. National Electric Coil v. United States, 227 Ct.Cl. 595, 597 (1981); Prime Construction Co. v. United States, 231 Ct.Cl. —— (order, July 2, 1982); see also Skelly and Loy v. United States, 231 Ct.Cl. ——, 685 F.2d 414 (1982). On the facts of this case, however, defendant's authorities are inapposite.

---

4. If defendant is right, any judicial consideration of the merits of plaintiff's claim is now barred. Cosmic Construction Co. v. United States, 697 F.2d 1389 (Fed.Cir.1982).

5. Plaintiff had withdrawn one of its claims prior to October 5, 1981. The contracting officer allowed a total of $3,069.42 on three of the five claims then pending, but otherwise denied them.

6. Plaintiff alleges that it received the said decision October 8, 1981. Defendant's answer denies that allegation, averring that the date of such receipt was October 7, 1981. See note 3, supra.

7. It does not appear that plaintiff was then represented by counsel.

■ Where a contractor has an option to appeal a contracting officer's decision to an agency board of contract appeals—within a finite time frame—but fails to do so within the prescribed period, the option ceases to exist. *Cosmic Construction Co. v. United States, supra; Tuttle/White Constructors, Inc. v. United States, supra,* 228 Ct.Cl. at 358–59, 656 F.2d at 647. Timely compliance with section 7's requirements is a prerequisite to the board's jurisdiction, and a failure to satisfy those requirements is a bar to *any* administrative consideration of the merits of a contracting officer's adverse decision. *Cosmic Construction Co. v. United States, supra.*[8]

■ An untimely "appeal" to an agency board of contract appeals is an absolute nullity, if indeed not a contradiction in terms. At the time plaintiff purported to "appeal," some nine months or so after its receipt of the contracting officer's final decision, there was no right of election to proceed administratively, no valid means of invoking the jurisdiction of the board, no real "choice of forums," but rather only a choice between a direct access suit and abandonment of its claims. To equate plaintiff's untimely and misguided "appeal" with a *forfeiture* of the right timely to bring a direct access action (and of its claims), as defendant would in effect have it, is neither just nor proper.[9] It is more appropriate, rather, to conclude that "no valid 'election' [took] place," and that no "review process" began. *Skelly and Loy v. United States, supra,* 231 Ct.Cl. ——, n. 10, 685 F.2d at 418, n. 10.

The plain terms of section 10(a)(1) of the 1978 act gave plaintiff a right, "in lieu of" appealing to the board in a timely fashion, to bring an action in this court (within the congressionally prescribed time limit for so doing). That right is not lost merely by attempting, in a patently untimely fashion, to pursue an option that no longer existed.[10] Defendant's contrary contention is unsupported by reason, logic, or authority, and cannot be accepted.

The Contract Disputes Act of 1978 is intended to provide "a fair, balanced, and comprehensive statutory system of legal and administrative remedies in resolving Government contract claims," and to "insure fair and equitable treatment to contractors and Government agencies." S.Rep. No. 95–1118, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong & Ad.News 5235. Like any remedial system, its aim is "to give the parties what is due them as determined by a thorough, impartial, speedy, and economical *adjudication.*" *Id.,* at 5247 (emphasis supplied).

In the facts and circumstances of this case, to uphold the government's position would be effectively to preclude *any* "adjudication," administrative or judicial, of the validity *vel non* of the contracting officer's denial of plaintiff's contract claims, notwithstanding plaintiff's timely initiation of a direct action on the claims in this court. Such a result is neither reasonable nor in keeping with the purpose and intent of the 1978 act.

### III

For the foregoing reasons, plaintiff's purported "appeal" to the board is not a bar to this direct access action under section 10(a)(1). Accordingly, defendant's motion for summary judgment is denied.[11]

---

**8.** Appellate judicial review of such a decision is, of course, also precluded. *Ibid.*

**9.** "An election of remedies presupposes a right to elect * * *. If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed." *Schenck v. State Line Telephone Co.,* 238 N.Y. 308, 311, 144 N.E. 592, 593 (1924) (Cardozo, J.).

**10.** The administrative decisions in *Western Pacific Enterprises,* ASBCA No. 25822, 81–2 BCA

(CCH) ¶ 15,217, and in *A.D. Roe Co., Inc.,* ENG BCA No. 4532, 81–1 BCA (CCH) ¶ 14,926, express the view that board dismissal of an "appeal" on the ground of its "untimeliness should not constitute a bar to a *de novo* proceeding in the Court of Claims."

**11.** The court has this day directed to the parties an inquiry designed to ascertain the probable course of further proceedings herein, and to facilitate the conduct of such proceedings as may prove necessary.