COSMIC CONSTRUCTION CO.

v.

**The UNITED STATES.**

No. 185–82C.

United States Claims Court.

May 21, 1984.

Thomas DeNoia, Middletown, N.J., for plaintiff. Giordano, Halleran & Grahay, Middletown, N.J., of counsel.

Mary Mitchelson, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Theodore M. Bailey, Washington, D.C., of counsel.

## OPINION

SPECTOR, Senior Judge.

The petition herein alleges a multiplicity of claims by plaintiff under various provisions of its contract with the U.S. Air Force for repair of 277 family housing units at Patrick Air Force Base, Florida. Suit is for damages in the total amount of $1,150,-012.82, and an extension of time of 47 weeks. The merits of these claims are not before the court in this decision on defendant's Motion for Summary Judgment. The motion has been served in response to the petition and in lieu of an answer.

### Statement of Facts

The contracting officer's decision on plaintiff's claim for damages bears date of April 14 and it was received by plaintiff on April 18, 1981. That decision denied plaintiff's claim for three briefly stated reasons, as follows:

"Failure to provide any evidence to support the claims of entitlement or quantum; lack of merit; and failure to certify the claim, as required by Section 813 of Public Law 95–485."

The decision then advises plaintiff that an appeal under the Disputes Clause may be taken within 30 days. It continues as follows:

*You are also advised that under the Contract Disputes Act of 1978, Public Law 95–563 (codified at 41 U.S.C. 601, et (sic) seq.), you may elect to have your*

*appeal processed pursuant to the provisions of that Act."* (Emphasis in original)

Under § 7 of the Contract Disputes Act, an appeal from a contracting officer's decision to an agency board of contract appeals may be taken within ninety days.[1] Alternatively, and in lieu of appealing that decision, a contractor may bring an action directly on the claim in this court. Such an action, which is a *de novo* procedure, must be filed within twelve months from the date of receipt of the contracting officer's decision.[2]

An appeal to the Armed Services Board of Contract Appeals (ASBCA), dated October 29, 1981 was taken by *counsel* for plaintiff in a letter which explained that he had not received the contracting officer's decision dated April 14, 1981 until it "was forwarded to us from Theodore M. Bailey, Senior Trial Attorney on September 28, 1981." The letter acknowledges that a copy of the decision "was forwarded directly to our client and received by him on April 18, 1981." The ASBCA, *sua sponte*, ordered plaintiff "to show cause why its appeal dated 29 October 1981 and received by the Board on 3 November 1981 should not be dismissed as untimely since the final decision of the contracting officer had been received by appellant on 18 April 1981."

In a decision dated 30 December 1981,[3] the board thereafter dismissed the appeal with prejudice. The opinion observes that the contracting officer's decision indicated that a copy had been sent to plaintiff's counsel handling another pending appeal,[4] but the board acknowledges that "counsel did not receive the copy of the final decision and the original was neither forwarded nor apparently discussed with counsel by appellant allegedly in reliance upon the notation that counsel had been sent a copy."

1. 41 U.S.C. § 606.

2. 41 U.S.C. § 609.

3. 82–1 BCA ¶ 15,541, aff'd *Cosmic Construction Co. v. United States,* 697 F.2d 1389 (Fed.Cir. 1982).

4. From a termination for default.

On those facts, the board declined to exercise its discretion to waive the late filing of the appeal as permitted by *Maney Aircraft Parts, Inc. v. United States.*[5] It further holds that:

... "even were we to exercise discretion, the facts presented in this situation do not warrant finding a waiver of the filing date of the notice of appeal .... We do not agree that reliance on the notation that a copy was sent to appellant's counsel constitutes a waiver within the guidelines established in the two decisions of *Monroe H. Tapper & Assoc's. v. United States,* 458 F.2d 66, 198 Ct.Cl. 72 (1972) and, 514 F.2d 1003, 206 Ct.Cl. 446 (1975). The fact that the final decision indicated a copy had been sent to appellant's counsel does not absolve the contractor from determining whether to appeal. It is the contractor's, not the counsel's responsibility to make such decision. Mail has been known to go astray and when counsel failed to raise the matter with appellant, it was the responsibility of appellant to inquire of its counsel."

In a separate opinion, concurring on other grounds, the Chairman of the ASBCA found himself "unable to agree that this appeal should be summarily dismissed for failure to file a timely appeal." If untimeliness were the only issue, he would have dissented to the dismissal "without a hearing to see if there was indeed a course of dealing with reliance upon which the delay in appeal should be waived under guidelines set out by the Court of Claims in its two decisions ...." He further concluded that the court's orders "to the effect that the boards of contract appeals have discretionary authority to waive the 30 day appeal period of the Disputes clause has become established precedent. Our continued refusal to consider waiver without a

5. 453 F.2d 1260, 197 Ct.Cl. 159. The board cites its own decision in *Appeal of Maney Aircraft Parts,* ASBCA No. 14363, 72–1 BCA ¶ 9449, which rejects the court's invitation to exercise discretion on the issue of timeliness.

direct remand order from the court is little more than petulance..... The record of this appeal is incomplete, but a hearing on waiver would serve no useful purpose, for the appeal must be dismissed for another reason."

The other reason described in the concurring opinion is that plaintiff's claims were not certified. It states:

"Section 813 of the Department of Defense Appropriation Act, 1979, P.L. 95–485, requires that, at the time of submission of contract claims or requests for equitable adjustment in excess of $100,-000, the contractor must certify, 'that such claim or request was made in good faith and that the supporting data are accurate and complete.' The Act directs that no funds of Department of Defense may be used to pay such claims without the certification. The appellant's demand in this appeal far exceeds $100,000. The contracting officer, in his decision, found that the contractor had not furnished supporting data and had failed to certify. The appellant has not contended otherwise. For this reason, the appeal should be dismissed. *Newell Clothing Company*, ASBCA No. 24482, 80–2 BCA ¶ 14,774."

Defendant offers two grounds in support of its present Motion for Summary Judgment. It asserts, firstly, that the court lacks jurisdiction over plaintiff's direct suit in this court pursuant to Section 10 of the Contract Disputes Act,[6] because it "previously made a knowing election to appeal the same claim to the board." Secondly, it argues that the court lacks jurisdiction because Section 6(c)(1) of the Contract Dis-

putes Act requires plaintiff "to certify its claim."[7]

### *Discussion*

### I. *The "Previous Election" Issue.*

Defendant relies on the decisions in *Tuttle/White Constructors, Inc. v. United States,*[8] *Z.A.N. Company v. United States,*[9] and *Santa Fe Engineers, Inc. v. United States.*[10] But the facts in those cases are different in essential respects. On the other hand, *Olsberg Excavating Company v. United States,*[11] is a case right on point. The issue in *Olsberg,* as here, is stated as follows:

"... where a contractor has purported to appeal a contracting officer's decision to an agency board of contract appeals pursuant to section 7 *more* than ninety days after its receipt of that decision, and the 'appeal' has accordingly been dismissed as untimely, is an action 'directly on the claim', begun in this court within twelve months after the contracting officer's decision, (footnote omitted) barred by the untimely administrative appeal?"

As held in *Olsberg:*

"In both *Tuttle/White* and *Santa Fe Engineers* a true 'choice' of forum was involved. In each case, there was an informed exercise of the contractor's right to elect between two or more alternative, coexisting, and viable remedies actually available to the contractor at the time of the election .... On the facts of this case, however, defendant's authorities are inapposite.

"Where a contractor has an option to appeal a contracting officer's decision to an agency board of contract appeals— within a finite time frame—but fails to

---

**6.** 41 U.S.C. § 609.

**7.** The certification requirement relied upon in *defendant's motion is not the same one* cited in the ASBCA's above-quoted concurring opinion. The reference in that opinion is to section 813 of the Department of Defense Appropriation Authorization Act, 1979, P.L. 95–485. The certification language therein is also different, and the prohibition in that Act is against use of Department of Defense funds to pay uncertified claims.

**8.** 228 Ct.Cl. 354, 656 F.2d 644 (1981).

**9.** 230 Ct.Cl. 976 (1982).

**10.** 230 Ct.Cl. 512, 677 F.2d 876 (1982) cert. denied, 459 U.S. 1086, 103 S.Ct. 569, 74 L.Ed.2d 932 (1982).

**11.** 3 Cl.Ct. 249 (1983) (Wood, J.).

do so within the prescribed period, the option ceases to exist....[12]

"An untimely 'appeal' to an agency board of contract appeals is an absolute nullity, if indeed not a contradiction in terms. At the time plaintiff purported to 'appeal', some nine months or so after its receipt of the contracting officer's final decision, there was no right of election to proceed administratively, no valid means of invoking the jurisdiction of the board, no real 'choice of forums', but rather only a choice between a direct access suit and abandonment of its claims. To equate plaintiff's untimely and misguided 'appeal' with a *forfeiture* of the right timely to bring a direct access action ... as defendant would in effect have it, is neither just nor proper....

"The plain terms of section 10(a)(1) of the 1978 (Contract Disputes) act gave plaintiff a right, 'in lieu of' appealing to the board in a timely fashion, to bring an action in this court (within the congressionally prescribed time limit for so doing). That right is not lost merely by attempting, in a patently untimely fashion, to pursue an option that no longer existed (footnote omitted). Defendant's contrary contention is unsupported by reason, logic, or authority, and cannot be accepted....

"In the facts and circumstances of this case, to uphold the government's position would be effectively to preclude *any* 'adjudication,' administrative or judicial, of the validity *vel non* of the contracting officer's denial of plaintiff's contract claims, notwithstanding plaintiff's timely initiation of a direct action on the claims in this court. Such a result is neither reasonable nor in keeping with the purpose and intent of the 1978 act." [13]

The persuasive reasoning in *Olsberg* is adopted in this decision. The "previous election" argument offered by defendant in support of its motion, is rejected.

## II. *The "Failure to Certify" Issue.*

■ Defendant's second argument in support of its motion relies on Section 6(c)(1) of the Contract Disputes Act.[14] The language therein contained has been construed as a jurisdictional prerequisite to consideration by this court of any claim governed by the Act.[15] A petition filed in this court, following an adverse contracting officer's decision, can be entertained only if it is in fact governed by that Act.[16] Therefore, the absence of the certification language set forth in Section 6(c)(1) of the Contract Disputes Act is conclusive on the issue of whether or not the court can entertain the petition at this time. It cannot.

The procedure to be followed by plaintiff in order to rectify that omission is set forth in the *Schlosser* and *Skelly and Loy* opinions of the Court of Appeals for the Federal Circuit.[17]

### Conclusion

Defendant's Motion for Summary Judgment is allowed on the basis of the second

12. Citing *Cosmic Construction Co. v. United States,* note 3, supra.

13. 3 Cl.Ct. at 251–2.

14. Which reads as follows: "For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable." See and cf. the certification requirement in Section 813 of the Department of Defense Appropriation Authorization Act, 1979, P.L. 95–485, as discussed at note 7, supra.

15. See *W.M. Schlosser Co., Inc. v. United States,* 231 Ct.Cl. ——, 705 F.2d 1336 (1983); *Skelly and Loy v. United States,* 231 Ct.Cl. 370, 685 F.2d 414 (1982); *Parrino Enterprises v. United States,* 230 Ct.Cl. 1052 (1982); *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 673 F.2d 352 (1982); *W.H. Moseley Co., Inc. v. United States,* 230 Ct.Cl. 405, 677 F.2d 850 (1982); *Tri-Central, Inc. and Key Constructors, Inc. v. United States,* 230 Ct.Cl. 842 (1982).

16. Section 10(a)(1), codified at 41 U.S.C. 609(a)(1).

17. Note 15, supra.

ground above stated. Plaintiff's petition shall be dismissed, without prejudice.