**STRUCTURAL FINISHING, INC.**

v.

**UNITED STATES.**

No. 333–87C.

United States Claims Court.

March 10, 1988.

Robert D. Eassa, Oakland, Cal., Atty. of Record, for plaintiff.

Eric L. Miller, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

YOCK, Judge.

This contract case comes before the Court on the defendant's motion to dismiss the plaintiff's complaint on the grounds that it is time-barred by the statute of limitations contained in the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(3) (1982).

For the reasons discussed herein, the motion is granted as the statute of limitations deprives the Court of jurisdiction.

### Facts

On July 8, 1982, the Department of the Army awarded the plaintiff, Structural Finishing, Inc. (SFI), contract No. DAHC77–82–D–0120 for the interior painting of military family housing at Schofield Barracks, Waiawi and Helemano Military Reservation, Hawaii. The contract was a requirements type contract that was to run for the period of July 8, 1982 through March 31, 1983.

Shortly after work began on the project, numerous disputes arose between SFI and the Government concerning performance delays and changes. SFI alleges that the contracting officer failed to notify the occupants of the military housing that their units were to be painted which resulted in delays, that the Government accelerated the work schedules, and that SFI was required to varnish floors and cabinets which was beyond the scope of the contract. On March 28, 1983, the Government issued its last paint and work order to SFI.

On February 27, 1986, SFI filed its formal claim with the contracting officer requesting an equitable adjustment under the contract. In a final decision dated June 2, 1986, the contracting officer denied SFI's request for an equitable adjustment. The decision recited that the plaintiff may appeal within 90 days of the receipt of the decision to the Armed Services Board of Contract Appeals, or that it may appeal to the United States Claims Court within twelve months of the date of receipt.

The contracting officer's final decision was received by the plaintiff's attorney on Friday, June 6, 1986, as evidenced by the U.S. Postal Service's Certified Mail return receipt. The plaintiff's attorney, however, did not deliver the decision, or a copy thereof, to SFI until Monday, June 9, 1986.

On February 5, 1987, plaintiff filed a notice of appeal to the Armed Services Board of Contract Appeals (ASBCA) from the contracting officer's decision. On June 9, 1987, the ASBCA dismissed the appeal for lack of jurisdiction because the appeal was not filed within 90 days after the plaintiff received the contracting officer's decision. On that same day (Tuesday, June 9, 1987) the plaintiff filed its complaint in this Court.

### Discussion

The defendant has now moved to dismiss this action for lack of jurisdiction. The defendant asserts that the plaintiff's claim in this Court is time-barred by the statute of limitations contained in the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(3) (1982), which states that the contractor has twelve months from the date of receipt by the contractor of the contracting officer's decision to file in this Court. The defendant contends that the plaintiff missed the filing deadline by one day.

In further support of its motion to dismiss the plaintiff's complaint, the defendant argues that the twelve-month period in which the plaintiff must file its direct access complaint in this Court began to run on June 6, 1986, when the plaintiff's attorney received the contracting officer's decision. Normally, this would mean that the plaintiff had to file its direct access action in this Court by June 6, 1987. However, since June 6, 1987, fell on a Saturday, the period of limitations was extended by law to Monday, June 8, 1987, and the June 8, 1987 date was the last day that the plaintiff could file its complaint in this Court. *See*

Rule 6(a) of the United States Claims Court.

The plaintiff has responded with two basic arguments in opposition to the Government's motion to dismiss. First, the plaintiff contends that the Government has misinterpreted the receipt by SFI's attorney as service on the plaintiff. Plaintiff argues that the statute of limitations does not begin to run until the plaintiff, and not its attorney, actually receives the contracting officer's decision. Thus, the plaintiff argues that the twelve-month filing period expired on June 9, 1987, as opposed to June 8, 1987. Second, the plaintiff argues that since it did not receive notice of the ASBCA decision that denied jurisdiction until June 9, 1987, the plaintiff should be given at least another day to file its complaint on the grounds of equity. Not to do so would be to encourage duplicitous filings in competing forums and be prejudicial.

The Contract Disputes Act of 1978, 41 U.S.C. § 609(a) (1982), provides in pertinent part:

> (1) * * * [I]n lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary.
>
> *    *    *    *    *    *
>
> (3) Any action under paragraph (1) * * * shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.

■ The plaintiff's first argument in opposition to the defendant's motion is that the statute of limitations of the CDA begins to run after the contractor, and not the contractor's appointed attorney, receives the contracting officer's decision. The language in the CDA is clear that the statute of limitations begins to run when the contractor receives the contracting officer's decision. Thus, the Court must now decide whether receipt of the contracting

officer's decision by SFI's attorney on June 6, 1986, constitutes receipt by SFI. The Court holds that it does.

The plaintiff offers little support for its argument that the statute of limitations commences when the contractor, and not the contractor's duly authorized representative, receives the contracting officer's decision. The only support it can muster is to point to the ASBCA's jurisdictional decision of June 9, 1987, wherein the Board stated that the "[a]ppellant received the underlying contracting officer's decision on 9 June 1986." From this sentence, the plaintiff asserts that the Court is bound by this "established" fact and the Board's legal conclusion that the twelve-month statute of limitations runs from the date that the plaintiff actually received the decision from its attorney.

■ The plaintiff's argument, however, is unavailing for several reasons. To begin with, this Court is not bound in any way by the decisions of the ASBCA. The Board is an administrative forum for the resolution of claims and is an alternate forum to the United States Claims Court. Decisions of the ASBCA are appealed to the United States Court of Appeals for the Federal Circuit (CAFC) and not to the Claims Court. The CAFC may be bound by facts found by the ASBCA on cases that are appealed (assuming they are supported by substantial evidence), but this Court is not. Furthermore, the Board's finding as to the precise date of receipt by the plaintiff is gratuitous dicta. Since the plaintiff failed to appeal its claim to the Board for some eight months (February 5, 1987), the Board was under no legal duty to fix the precise date of receipt. It was enough to pick one or the other of the dates suggested by the parties and the evidence, because both dates were well beyond the 90-day statute of limitations for appeal to the Board. This Court believes that the Board simply did not focus on the legal impact of fixing the June 9, 1986 date of receipt. Finally, however, to the extent that the Board could be found to have directly focused on the date of receipt point, it was simply in error.

The case law to be discussed herein makes this quite clear.

The defendant's arguments are far more convincing. The defendant, in its motion for summary judgment, argues that notice to the plaintiff's duly authorized representative (attorney) is notice to the plaintiff. Since the plaintiff's attorney received the contracting officer's decision on Friday, June 6, 1986, the twelve-month statute of limitations began to run from that date and expired on June 6, 1987. However, because June 6, 1987, fell on Saturday, the date for filing its complaint in this Court was extended by operation of law to Monday, June 8, 1987. *See* RUSCC 6(a). Thus, for this Court to have acquired jurisdiction over the plaintiff's claim, it had to have been filed on or before June 8, 1987. Unfortunately for the plaintiff, it was filed on June 9, 1987, one day late.

■ A statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). It is indisputable that the plaintiff's attorney received the contracting officer's final decision on June 6, 1986. As stated earlier, since June 6, 1987, fell on a Saturday, the filing date in this Court was extended to Monday, June 8, 1987. It is also undisputed that the plaintiff's attorney, Mr. Eassa, was the plaintiff's duly designated representative. Mr. Eassa initially submitted the plaintiff's claim to the contracting officer on February 27, 1986. Also, he received the contracting officer's decision by Certified Mail on June 6, 1986, and he was the attorney who filed the action with this Court on June 9, 1987. Moreover, the plaintiff in no way indicated that Mr. Eassa was not the proper party to receive the contracting officer's decision.

Case law supports the argument that notice to a party's representative is notice to the party. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 *reh'g denied,* 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) (a party is considered to have notice of all the facts, notice of which can be charged upon his representative), *Gragg v. United States,* 717 F.2d 1343, 1346 (Fed.Cir.1983) (service of an MSPB final decision upon an employee's representative starts the running of the statutory period for appeal). *See also Rowe v. Merit Systems Protection Board,* 802 F.2d 434 (Fed.Cir.1986); *Whitaker v. Merit Systems Protection Board,* 784 F.2d 1109, 1110 (Fed.Cir.1986); *Massingale v. Merit Systems Protection Board,* 736 F.2d 1521, 1523 (Fed.Cir.1984).

■ Plaintiff also argues that equity requires that the statute of limitations did not begin to run until after the ASBCA had issued its final decision. SFI argues that an appeal to this Court would be duplicitous and of questionable value until the ASBCA had reached a decision as to jurisdiction. This Court also finds this argument to be without merit. The language of the CDA is clear that a party has twelve months in which to file a claim in this Court. If plaintiff elected to run the considerable risk of filing an untimely appeal with the ASBCA instead of safely filing a timely claim in this Court, that is its choice. However, this Court is left with no choice but to follow the twelve-month statute of limitations set out in the CDA. As earlier indicated, this Court is not an appellate court for the ASBCA. The Claims Court is under no statutory obligation to wait for the ASBCA to render a decision, and that ASBCA decision in no way tolled the twelve-month statute of limitations set out in the CDA.

■ It is now established that an untimely appeal to an agency board of contract appeals is an absolute nullity because the board lacks jurisdiction over such a claim and, subsequently, a contracting party may file a claim in the Claims Court pursuant to the CDA. *National Neighbors, Inc. v. United States,* 839 F.2d 1539 (Fed.Cir. 1988); *Cosmic Construction Co. v. United States,* 5 Cl.Ct. 237 (1984); *Olsberg Excavating Co. v. United States,* 3 Cl.Ct. 249 (1983). "[A]n untimely appeal to the board is not a binding election under the Election Doctrine and will not preclude a contractor from pursuing a *timely* suit in the Claims Court." *National Neighbors v. United*

*States,* at 1543 (emphasis supplied). The operative word is timely. As was discussed earlier, plaintiff's complaint to this Court was not timely and its claim is therefore barred by the statute of limitations.

## CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is granted, and the complaint will be dismissed.

Each party is to bear its own costs.