INFORMATION SYSTEMS & NET-WORKS CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 412–88C.

United States Claims Court.

July 19, 1989.

Lawrence M. Farrell, Washington, D.C., for plaintiff, Charlotte D. Young, of counsel.

Catherine Christman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## OPINION

FUTEY, Judge.

This action arises out of a contract with the Department of Agriculture to install and maintain a local communications network. Plaintiff submitted a claim to the contracting officer for an equitable adjustment of the contract which was denied. Plaintiff appealed this decision to the Agriculture Board of Contract Appeals which found the appeal to be untimely. Subsequently plaintiff filed a complaint in this court pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982). Defendant has moved to dismiss for lack of jurisdiction, pursuant to RUSCC 12(b)(1), contending that plaintiff's complaint was filed in this court beyond the twelve month statutory period provided under § 609(a)(3), thus this court is without jurisdiction to hear the claim. Plaintiff argues that the contracting officer reconsidered his decision and has not issued a final decision, thus the claim is deemed denied and is properly brought before this court pursuant to 41 U.S.C. § 605(c)(5). For the rea-

sons stated, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

### Factual Background

On September 30, 1985, plaintiff, Information Systems & Networks Corporation (ISN), entered into a contract with the United States Department of Agriculture (USDA) through the Small Business Administration to install and maintain a local communications network. One of the requirements of the contract was the installation of a coaxial communications cable. The contract specified, *inter alia*, that the coaxial cable would be fastened and supported at intervals of eight feet, where it was not running through existing conduits or raceways.[1]

On January 16, 1986, the USDA contracting officer (CO) directed ISN to install the cable at intervals of six feet. Plaintiff continued work on the contract after receipt of this letter, making the specified changes, without contacting the CO regarding the change for well over five months. On July 3, 1986, plaintiff submitted a claim, under the Contract Disputes Act (CDA), codified at 41 U.S.C. §§ 601–613 (1982), for an equitable adjustment of the contract to the CO for increased expenses of $48,101.25.

By letter dated July 15, 1986, the CO denied plaintiff's claim, stating:

[T]his letter constitutes the final decision of the Contracting Officer. You may appeal this decision to the Board of Contract Appeals, U.S. Department of Agriculture, Washington D.C. 20250. If you decide to appeal, you must within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Board of Contract Appeals and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. Instead of appealing to the Board

---

1. In its July 3, 1986 letter to the contracting officer, plaintiff stated that the contract, as negotiated, called for a spacing interval of eight feet. However, plaintiff's complaint filed in this court notes that according to the contract, the cable would be supported every ten feet.

of Contract Appeals, you may bring an action directly in the U.S. Claims Court within 12 months of the date you receive this decision.

As found by the Agriculture Board of Contract Appeals (AGBCA), plaintiff received this letter of denial on July 24, 1986. Plaintiff filed a notice of appeal with AGBCA on October 23, 1986.

In April 1987, ISN submitted information to the government in connection with its appeal before the AGBCA.[2] After receiving this information, the attorney for USDA requested assistance from the CO in preparation for the hearing. During the course of this preparation, and at the request of the agency's counsel, the CO contacted the National Electric Code Committee and requested additional information from the Facilities Management Division. The CO sent an internal memorandum to the general counsel for USDA concerning the ISN appeal to the AGBCA on June 1, 1987. The memo stated that, "[w]hile USDA's initial decision denying ISN's claim used the wrong reasons, it arrived at the right conclusion."

On February 2, 1988, the AGBCA dismissed ISN's appeal for failure to file within the 90 day statutory period pursuant to 41 U.S.C. § 606.[3] Plaintiff filed this suit on July 15, 1988, pursuant to 41 U.S.C. § 605(c)(5) of the CDA. On September 23, 1988, defendant filed a motion to dismiss for lack of subject matter jurisdiction in accordance with RUSCC 12(b)(1).

### Discussion

 In deciding a motion to dismiss for lack of subject matter jurisdiction under RUSCC 12(b)(1), the court may consider evidentiary matters outside the pleadings, *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 884 (Fed.Cir.1985), and decide for itself factual issues which deter-

mine jurisdiction. *Williamson v. Tucker,* 632 F.2d 579, 588 (5th Cir.1980); *Fidelity of Md. v. United States,* 2 Cl.Ct. 137, 145 (1983). Dismissal for lack of subject matter jurisdiction is distinct from a motion for summary judgment, which is a determination of the merits of a case. Summary judgment is inappropriate where a court lacks subject matter jurisdiction over the action. *Puritan Lawn Park Cemetery v. United States,* 14 Cl.Ct. 629, 630 n. 3 (1988), citing *Indium,* at 883–884. "When a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of that case." *Hambsch v. United States,* 857 F.2d 763, 765 (Fed.Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989). Thus, even though the parties have presented matters outside of the pleadings, this case may be appropriately resolved under RUSCC 12(b)(1).

 The CDA provides contractors with a choice of forums to challenge the decision of a CO. The contractor may elect to file an appeal either with the appropriate board of contract appeals, 41 U.S.C. § 606, or with the United States Claims Court. 41 U.S.C. § 609(a)(1). This provides an "either-or-alternative," not "duel avenues of appeal." *Santa Fe Eng'rs, Inc. v. United States,* 230 Ct.Cl. 512, 516; 677 F.2d 876, 878 (1982). A contractor is deemed to have made a binding election when: 1) it has sought to avail itself of one forum over another; and 2) that forum has the ability to exercise jurisdiction at the time the election is attempted. *Jo–Mar Corp. v. United States,* 15 Cl.Ct. 602, 605 (1988).

 After receiving the decision from the CO dated July 15, 1986, plaintiff elected to file a notice of appeal on October 23, 1986 with the AGBCA. Finding that plaintiff's appeal was untimely filed, the

---

**2.** The information sent by ISN pertained to the National Electric Code and lent support to ISN's contention that it should be compensated for the disputed specification for cable suspension.

**3.** Under the CDA, a contractor has 90 days from receipt of the CO's final decision to appeal to an administrative board of appeals. 41 U.S.C. § 606 (1982). The AGBCA made a determina-

tion that ISN received the CO's final decision on July 24, 1986, despite evidence that the certified mail receipt was signed on July 17, 1986. Plaintiff filed notice of appeal with the AGBCA on October 23, 1986. Thus the board determined that plaintiff had filed 91 days after receipt of the CO's decision.

AGBCA dismissed the appeal for lack of jurisdiction. Plaintiff's filing with the AGBCA would have constituted an election of remedies had the appeal been timely. However, the appeal was found to be untimely, thus the board had no jurisdiction over the claim. Plaintiff therefore did not make a binding election to pursue its remedies with the AGBCA under 41 U.S.C. § 606. Accordingly, ISN was not precluded from pursuing a timely suit in the Claims Court. *National Neighbors v. United States*, 839 F.2d 1539, 1543 (Fed. Cir.1988); *Structural Finishing, Inc. v. United States*, 14 Cl.Ct. 447, 450 (1988).

41 U.S.C. § 609(a)(3) provides a 12 month period for filing an appeal in the Claims Court from receipt of the CO's final decision. Plaintiff contends that the July 15 decision is not a final decision for purposes of the CDA. Rather, ISN asserts that this decision "lost its finality and became null as a result of subsequent discussions between the contracting officer, the government representatives, and ISN concerning resolution of ISN's claim after that decision."[4] ISN contends that the CO's decision was reconsidered, as evidenced primarily by a June 1, 1987, internal memorandum from the CO to the government's General Counsel. The June 1, 1987 letter states in part:

> After ISN appealed our denial of their claim and provided us a letter from the [National Electric Committee] Committee tending to support their position, we reexamined our decision. This reexamination involved contacting the [National Electric Committee] Committee and requesting additional information from our [Facilities Management Division]. A copy of the response from the [National Electric Committee] Committee is attached as Attachment 1. Besides the guidance quoted earlier, this letter (though only a personal opinion), supports our spacing decision. A copy of the response from our [Facilities Management Division] is attached as Attachment 2.

Plaintiff contends that no final decision has been rendered subsequent to the reconsideration, thus pursuant to the Contract Disputes Act, section 605(c)(5), the claim is deemed denied and plaintiff is authorized to appeal that denial by commencing an action directly in the Claims Court. 41 U.S.C. § 605(c)(5) states in pertinent part:

> Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter.

The Federal Circuit has interpreted this provision as allowing contractors to file a direct access suit in the Claims Court regardless of whether the filing is within the twelve month statutory period of section 609(a)(3) in instances where the contracting officer has failed to render a decision on the contractor's claim. *Pathman Const. Co. v. United States*, 817 F.2d 1573 (Fed. Cir.1988). The court explained that section 605(c)(5) is permissive and designed to give the contractor an opportunity to obtain a decision on the claim "without awaiting the decision of a contracting officer who has failed to render a decision within specified time limits." *Id.* at 1577.

In *Pathman*, however, plaintiff had the option to file suit directly with the Claims Court, pursuant to section 605(c)(5), because the CO never issued a decision. In the instant case, the CO issued a final decision, thus 605(c)(5) is inapplicable.

■ Additionally, the facts do not support plaintiff's contention that the CO reconsidered the July 15 decision. Plaintiff elected to appeal the CO's decision directly to the AGBCA. Plaintiff did not make a request for reconsideration prior to filing its appeal with the AGBCA, nor did the CO ever state that he reconsidered ISN's claim. The communications between the plaintiff and the government followed the filing of the appeal and were made in connection with the appeal or resolution of the claim. Plaintiff relies heavily on the June 1, 1987

**4.** Plaintiff's Opposition to Defendant's Motion to Dismiss, at 1.

memorandum in support of its contention that the CO reconsidered the claim. However, this memorandum was written by the CO in response to a request for assistance from a USDA attorney in preparation for AGBCA litigation. Although ISN received a copy of this letter, the correspondence evidences no intent to reconsider the final decision, rather, it explicitly gives "only a personal opinion" of the CO that the response from the National Electric Code supports his decision to deny the claim. It appears from ISN's action, in filing an appeal with the AGBCA rather than requesting the CO to reconsider the decision, that plaintiff accepted the CO's decision as final. Accordingly, this court finds that the internal memorandum does not evidence a reconsideration of plaintiff's claim. Additionally, discussions concerning resolution of the dispute after the filing of the AGBCA appeal clearly do not constitute a reconsideration.

Therefore, the July 15, 1986, decision of the CO constitutes the final decision for purposes of appeal under the CDA. Furthermore, since there was no reconsideration, there has been no suspension of the finality of the CO's decision. *See Summit Contractors v. United States*, 15 Cl.Ct. 806, 808 (1988); *Dayley v. United States*, 169 Ct.Cl. 305, 309 (1965).

■ ISN's complaint was filed with the Claims Court on July 15, 1988, almost two years after ISN received the CO's final decision. This filing is well beyond the 12 month statutory period for filing an appeal with this court. 41 U.S.C. § 609(a)(3).

The United States, as sovereign, "is immune from suit save as it consents to be sued." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). A statutory time period for filing suit against the United States, such as the one in this case, is "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Structural Finishing, Inc. v. United States*, 14 Cl.Ct. 447, 450 (1988). This court finds plaintiff's complaint to be un-

timely filed, and therefore, beyond the jurisdiction of this court.

### Conclusion

As discussed in this opinion, the Claims Court lacks jurisdiction over plaintiff's complaint which was filed beyond the statutory time period set forth in 41 U.S.C. § 609(a)(3) of the CDA. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction under RUSCC 12(b)(1) is hereby granted. The Clerk is directed to dismiss this case. No costs.