**Margaret V. HANDEL, Executrix of the Estate of Lawrence J. Handel**

v.

**The UNITED STATES.**

No. 746–87C.

United States Claims Court.

Dec. 19, 1988.

Michael Morley, Youngstown, Ohio, attorney of record, for the plaintiff.

Agnes M. Brown, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant. Robert Leong, of counsel.

## OPINION

YOCK, Judge.

This case is currently before the Court on the defendant's motion to dismiss the plaintiff's complaint for lack of jurisdiction. Specifically, the defendant contends that the plaintiff's cause of action is barred by the applicable statute of limitations. Since

this Court finds that the plaintiff filed this cause of action outside of the applicable statute of limitations' period, the defendant's motion to dismiss must be granted, and the plaintiff's complaint dismissed.

### Facts

The claim herein is advanced by Mrs. Margaret V. Handel as the widow and executrix of the estate of Lawrence J. Handel. During his lifetime, Mr. Lawrence J. Handel was engaged in the business of repairing and maintaining residential properties. On May 1, 1982, Mr. Handel, doing business as L.J. Handel Realty, entered into a contract with the United States Department of Housing and Urban Development (HUD) (Contract No. 042–82–2684). Under the terms of the contract, Mr. Handel was to provide certain services, including managing, maintaining, repairing, and improving single family residential units owned by HUD. In consideration, he was to receive $38.90 per property per month; 5 percent of the sale price for services related to the sale of property owned by HUD; and, according to the plaintiff, an additional $10 per property per month. The contract covered the period May 1, 1982 through April 30, 1985. Shortly before the expiration of the contract period, on April 25, 1985, Mr. Handel died. Mrs. Handel was appointed executrix of Mr. Handel's estate by the Probate Court of Mahoning County, Ohio, on May 1, 1985. The plaintiff, as executrix of Mr. Handel's estate, now alleges in her complaint that HUD owes a remaining $42,000 based on the terms of the contract.

On June 7, 1985, Mr. Lawrence Handel's son, Mr. David Handel, submitted a contract claim pursuant to the Contract Disputes Act of 1978 (41 U.S.C. § 601 et seq. (1982)) to HUD for the amount allegedly remaining due under the contract ($42,530). The claim was submitted to HUD's contracting officer on the contractor's business letterhead and the words "[a]gent for the estate of Lawrence J. Handel" appear underneath the son's signature. A final decision letter denying the estate's claim was issued on July 9, 1985 by Mr. Robert H. Blumers, the contracting officer for

HUD on the contract involved. This final decision letter was addressed to Mr. David Handel, at the L.J. Handel Realty Company and addressed as well as to an attorney, Mr. Vincent Gilmartin and a Mr. Dion G. Kissos. Included with the final decision letter was an attachment document which detailed that the estate could appeal the final decision to the HUD Board of Contract Appeals within 90 days from receipt of the decision or to the United States Claims Court within one year of receipt.

On January 7, 1986, despite the notice regarding appeal included with the contracting officer's final decision, plaintiff (represented by counsel) chose to file a mechanic's lien foreclosure and contract action, styled *Margaret V. Handel, as the Executrix of the Last Will and Testament of Lawrence J. Handel v. U.S. Department of Housing and Urban Development, et al.*, No. 86–CV–38, in the Common Pleas Court of Mahoning County, Ohio. The purpose of the suit was twofold. First, an attempt was made to foreclose on mechanic's liens that were filed with the County Recorder of Mahoning County so as to satisfy the debt allegedly owed by HUD on the contract involved herein. Second, Ms. Handel challenged the final decision by HUD's contracting officer.

As a part of her complaint in the Court of Common Pleas, she stated that:

13. On June 7, 1985, Plaintiff served a notice of claim on owner, a copy being attached hereto and incorporated herein as Exhibit "C".

The referenced claim was the one filed by her son, Mr. David Handel, as "agent for the estate of Lawrence J. Handel," with the contracting officer at HUD. The Government caused the suit to be removed to the United States District Court for the Northern District of Ohio, on February 4, 1986, and docketed as case No. C86–295–Y. The Government moved for summary judgment, and an order was entered on July 30, 1986, dismissing the suit, in part, for lack of subject matter jurisdiction. The order incorporated a finding by United States District Court Judge Bell, that:

The second claim in the complaint concerns an alleged breach of contract. The plaintiff claims the Government owes $42,530 for custodial fees due under an area management broker contract. This claim was previously rejected by HUD and was not appealed pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.*

*Handel v. United States Dept. of Housing & Urban Development,* No. C86–295–Y, slip op. at 2 (N.D. Ohio July 30, 1986).

Subsequently, on May 13, 1987, Margaret Handel (again represented by counsel) filed a second (and duplicate) claim with the HUD contracting officer seeking recovery in the same amount and for the same reasons as were earlier considered and rejected by HUD's contracting officer. That claim stated in pertinent part:

Enclosed please find a letter from Margaret V. Handel, Executrix of the Estate of Lawrence J. Handel. Please note that this is a claim with the United States Department of Housing and Urban Development for payment pursuant to a contract which is already in your records.

As your records will no doubt reflect, previous alleged claims have been filed in your office relative to the above captioned contract. However, it appears that this is the first time that a claim was properly issued. Specifically, it is being made by Margaret V. Handel, the Executrix of the Estate of Lawrence J. Handel, with whom the Department of Housing and Urban Development had a contract. Accordingly, kindly inform me what action, if any, your office intends to take relative to this matter.

HUD responded to this claim by letter dated May 20, 1987 which stated in pertinent part:

This is in reply to your letter of May 13, 1987. A review of HUD's records reveals that a claim on behalf of the estate of L.J. Handel was properly made to the Dept. of HUD in May, 1985 for approximately $42,000. That claim was investigated by this office during May and June of 1985 and a final decision rendered on July 9, 1985. A copy of that final decision is attached for your information.

Following HUD's response, the present suit was filed on December 7, 1987, more than one year and four months after Judge Bell's order dismissing the plaintiff's action in District Court, and more than two years and four months after the contracting officer's final decision was issued on July 9, 1985.

*Discussion*

In support of the current motion to dismiss, the defendant argues that this Court is without jurisdiction in the present case due to the running of the applicable statute of limitations. The defendant asserts that the statute of limitations began to run shortly after July 9, 1985, the date the contracting officer rendered a final decision on the claim filed with HUD by David Handel as the agent of Lawrence Handel's estate. Therefore, pursuant to 41 U.S.C. § 609(a)(3) (1982), which requires a contractor to commence an action in this Court within one year of the receipt of the contracting officer's final decision, the defendant concludes that the statute of limitations for the instant case expired shortly after July 9, 1986. Since the present case was not filed with this Court until December 7, 1987, the defendant notes that the statutory limitation period had expired prior to filing and thus, dismissal of the case is mandatory. Implicit in the defendant's statute of limitation argument is the belief that the claim as initially submitted on June 7, 1985 by Mr. David Handel, as agent for the decedent's estate, to the contracting officer at HUD, was made with the appropriate authority and was otherwise validly presented.

The plaintiff's opposition to the defendant's argument is based solely on the theory that David Handel had no authority from the decedent's estate to submit a claim to the contracting officer at HUD when he did so on June 7, 1985. As stated by the plaintiff in its brief in opposition to the defendant's motion:

Notably, *at no time* was David L. Handel the Executor of the Estate of Law-

rence J. Handel, the legal representative of the Estate of Lawrence J. Handel or L.J. Handel Realty or even an employee of L.J. Handel Realty. Mr. Handel is not an attorney, nor has he ever been empowered by any court in any state to act as a representative of the Estate of Lawrence J. Handel or the L.J. Handel Realty Company. Simply put, the letter submitted to the United States Department of Housing and Urban Development on June 7, 1985 by David L. Handel was not a valid claim on behalf of the Estate, as David L. Handel had no authority to make such a claim.

The plaintiff's argument continues that since Mr. David Handel was not authorized to submit a claim on behalf of the estate, the contracting officer had no claim before him and thus any "final decision" that the contracting officer made was a nullity.

 Unfortunately for the plaintiff, however, the facts of this case and the defendant's argument persuade this Court that Mr. David Handel was clothed with the requisite authority, and thus the plaintiff's current action before this Court is time barred. The Contract Disputes Act of 1978 (CDA) requires a contractor to commence an action in this Court within one year of the receipt of the final decision by a contracting officer concerning a disputed claim.[1] 41 U.S.C. § 609(a)(3) (1982); *see also Structural Finishing, Inc. v. United States*, 14 Cl.Ct. 447, 448 (1988); *Shaver Partnership v. United States*, 11 Cl.Ct. 594, 595 (1987). Absent a timely filing, this Court does not have the requisite jurisdiction which would allow adjudication of the claim. *Richard E. Wilson Corp. v. United States*, 4 Cl.Ct. 171, 173 (1983). Resultingly, "the contracting officer's decision [becomes] 'final and conclusive and not subject to review by any forum * * *.'" *Hawkins v. United States*, 1 Cl.Ct. 221, 222 (1983). It also should be noted that "this Court cannot and should not read into [the statute of limitations] exceptions and tolling provisions Congress did not contemplate or

authorize." *Gregory Lumber Co. v. United States*, 229 Ct.Cl. 762, 763 (1982).

 The plaintiff herein failed to bring this action to this Court within one year of receiving the contracting officer's final decision and thus, this Court lacks jurisdiction to entertain the current complaint. In order to reach the above conclusion, it is essential that the claim dated June 7, 1985, and filed by Mr. David Handel on behalf of his father's estate, be viewed by this Court as valid and binding. It is the opinion of this Court that the claim filed by Mr. David Handel on June 7, 1985, is in fact valid and binding on the estate of Lawrence J. Handel. In the first place, the factual circumstances surrounding the filing of the claim clearly indicate that he was authorized to represent his father's estate at the time that he submitted the claim. For instance, the claim itself was submitted on the contractor's letterhead and he identified himself (David Handel) as an agent for the estate of Lawrence J. Handel. The filing also was very formal in that the claim was sent by certified mail to the appropriate HUD contracting officer with return receipt requested. Furthermore, the claim, as submitted, carbon copied an attorney thereby indicating legal representation. In addition, as is evidenced by the substance of the claim filed by Mr. David Handel, it is clear that Mr. Handel was fully abreast of the detailed contractual terms. This is information which would have been otherwise unavailable absent a close personal and professional relationship between David Handel, his father, and his father's estate.

In sum, the factual circumstances surrounding the filing of the June 7, 1985 claim, lead this Court to conclude that Mr. David Handel clearly possessed, at a minimum, apparent authority to act on behalf of Lawrence Handel's estate. *See American Anchor & Chain Corp. v. United States*, 331 F.2d 860, 861-64, 166 Ct.Cl. 1, 3-8 (1964). The parameters of apparent authority have been defined by one court as follows:

---

1. The parties do not dispute that the estate did receive a copy of the contracting officer's final

decision shortly after it was issued on July 9, 1985.

74

Apparent authority may be premised on a finding that the principal has placed the agent in such a position as to mislead a third party into believing the agent is clothed with authority which in fact he does not possess. *Maurice Electric Supply Co. v. Anderson Safeway Guard Rail Corp.*, 632 F.Supp. 1082, 1089 n. 13 (D.D.C.1986) (citing *Jack Pry Inc. v. Drazin*, 173 A.2d 222, 223 (D.C. Mun.App.1961)); *cf. Cavic v. Grand Bahama Development Co. Ltd.*, 701 F.2d 879, 885–87 (11th Cir.1983) (discussion of apparent authority); *Bank of North Carolina v. Rock Island Bank*, 630 F.2d 1243, 1251–52 (7th Cir.1980) (same). Clearly, the estate of Lawrence Handel placed David Handel in such a position by allowing him access to the company's stationery and specific contract documents.

Moreover, Mr. David Handel attached his personal signature to the now questioned claim and in so doing affirmatively represented to HUD that he was an authorized agent for his father's estate. In addition, nothing was asserted by affidavit or otherwise in this proceeding by the plaintiff to indicate that there was a breach or other conflict between the mother and the son in regard to the decedent's estate at the time that David submitted the claim as agent for the estate. To allow Mrs. Handel and her son, David, to now come forward and repudiate his agency without any adequate explanation would be in effect to condone the misleading of an innocent party, which in this case is the Federal Government.

■ Even if the plaintiff's claim could not be denied based on a finding of Mr. David Handel's actual or apparent authority, this case must still be dismissed. This result follows because the facts of this matter show, at the very least, a ratification of Mr. David Handel's actions in submitting the June 7, 1985 claim on behalf of the estate, by Mrs. Handel, his mother. *See American Anchor, supra,* 331 F.2d at 864–65, 166 Ct.Cl. at 8–10. In the judicial pleadings filed in the Court of Common Pleas of Mahoning County, Ohio, on January 7, 1986, the plaintiff herein admitted the following: "On June 7, 1985, Plaintiff

[Margaret V. Handel, executrix] served a notice of claim on Owner [the United States], a copy being attached hereto * * *." Clearly, this statement attests to the fact that the plaintiff, Mrs. Handel, by and through Mr. David Handel, filed a claim with HUD on June 7, 1985, on behalf of the Lawrence Handel estate. This claim is identical to the claim the plaintiff (Mrs. Handel) later filed with HUD on May 13, 1987.

In a recent case, the United States Court of Appeals for the Federal Circuit noted that judicial pleadings constitute admissions which may be used by adversaries to establish a given fact as indisputable. *E.C. McAfee A/C Bristol Metal Industries, Ltd. v. United States*, 832 F.2d 152, 154 n. * (Fed.Cir.1987); *see also* C.T. McCormick, *McCormick on Evidence*, 780–84 (3d ed. 1985) (pleadings are judicial admissions which are conclusive). As mentioned earlier, the plaintiff admitted in pleadings before the Court of Common Pleas of Mahoning County, Ohio, that the claim filed on June 7, 1985, was in fact her own. This statement is in itself conclusive on the question of whether the first claim filed with HUD by David Handel was on behalf of Lawrence J. Handel's estate. Clearly, this judicial admission concludes any factual dispute that there was, at the very least, a ratification of the son's actions.

From the above discussion, it is clear that an identical claim to the one now asserted in this action was filed on behalf of Lawrence Handel's estate on June 7, 1985, and the contracting officer rendered a final decision concerning such claim on July 9, 1985. As a result, any appeal of that final decision before this Court had to be filed one year from the receipt by the estate of the July 9, 1985 final decision. Since no such appeal was filed within the appropriate time limit, the plaintiff is now time barred and this Court has no jurisdiction over this plaintiff's contract claim.

CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is hereby granted and the Clerk is directed to enter

judgment accordingly dismissing the plaintiff's complaint.