**CONNECTICUT DEPARTMENT OF CHILDREN AND YOUTH SERVICES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 395–88C.**

United States Claims Court.

Jan. 9, 1989.

Bernard Nash, Washington, D.C., for plaintiff.

Stephen J. McHale, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On July 1, 1988 plaintiff brought suit in the United States District Court for the District of Columbia seeking review of a May 3, 1988 decision of the Grant Appeals Board (GAB) of the Department of Health and Human Services (HHS) that had sustained a prior HHS determination that plaintiff was ineligible during fiscal year 1985 to receive certain grant funds. Plaintiff asked the district court to set aside the May 3, 1988 GAB decision, to enjoin HHS from recovering or withholding funds in accordance with that decision and to order repayment of any monies already recov-

ered or withheld. Six days later, on July 7, 1988, plaintiff filed a virtually identical complaint in this court restating the same allegations and praying for the same relief.

On September 27, 1988 defendant moved to have the complaint filed in this court dismissed (with prejudice) pursuant to 28 U.S.C. § 1500 (1982) which states:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action is alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

In its opposition to defendant's motion to dismiss, plaintiff acknowledged the applicability of 28 U.S.C. § 1500 to this action, but requested that the court stay proceedings until such time as the district court case was concluded. Plaintiff explained that it had originally filed suit in the district court because it appeared that that court had jurisdiction to provide total relief, but shortly thereafter realized that the district court might not be able to order the repayment of funds already recovered or taken. Because this court would apparently have jurisdiction to order such repayment plaintiff then filed the same complaint here. Plaintiff maintained that it was unclear whether the district court or this court had jurisdiction over all of the issues presented and that its right to judicial review could be eliminated if this action was dismissed and it was later determined that the Claims Court was the only forum with jurisdiction to provide relief. Should plaintiff then attempt to refile in this court, the suit might be barred by either the court's prior dismissal or the statute of limitations on judicial review of agency actions. Plaintiff continued, that such result would be unconscionable because the funds involved were intended to provide services for children under the state's foster care program. Plaintiff concluded that both suits were timely filed and the interests of judicial economy would be served by staying this action until the subject-matter jurisdiction of the district court was resolved.

In support of its motion to stay proceedings, plaintiff argued that this court's precedence did not support dismissal of the complaint in the circumstances presented, citing *Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662 (1984). *Arizona Helicopters* involved essentially the same jurisdictional issues as the case at bar but the court chose to stay the action pending the completion of prior litigation filed in a federal district court, rather than dismiss the case per 28 U.S.C. § 1500 as requested by defendant. The court expressed its view that dismissal was a drastic step and that previous cases gave "strained constructions" of § 1500 to reach fair results at the cost of the clear language of the law. The court then stayed the proceedings, basing its order on the United States Court of Claims caution against a literal reading of 28 U.S.C. § 1500; "this section should not be given a doctrinaire or purely technical interpretation but should be given a reasonable and just construction." *See Arizona Helicopters*, 4 Cl.Ct. at 665 (1984).

In reaching such a "reasonable and just construction," this court must take care to strictly construe statutes that touch upon its jurisdiction, as such matters involve the waiver of sovereign immunity. *Kabua v. United States*, 212 Ct.Cl. 160, 167, 546 F.2d 381, 385 (1976), *cert. denied*, 434 U.S. 821, 98 S.Ct. 63, 54 L.Ed.2d 77 (1977); *Eastern Band of Cherokee Indians v. United States*, 16 Cl.Ct. 75, 77 (Cl.Ct.1988). It is beyond equivocation that the United States is immune from suit except as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *id.*, and any waiver of the government's sovereign immunity is to be strictly construed in favor of the government. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–3278, 77 L.Ed.2d 938 (1983); *McMahon v. United*

*States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). Like all courts the United States Claims Court must be certain that it has jurisdiction over an action before it can proceed to the merits. *Northern Indian Housing & Dev. Council v. United States,* 12 Cl.Ct. 417, 420–21 (1987).

■ Section 1500 clearly precludes the Claims Court's exercise of jurisdiction over proceedings with similar claims against the United States that were filed previously and remain pending in other courts. The section was enacted over a century ago to avoid the maintenance of suits against the United States in the Court of Claims after a claimant failed to receive satisfaction from suit against the United States elsewhere. At that time a judgment in another court had no res judicata effect in a subsequent suit against the United States in the Court of Claims. Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents,* 55 Geo.L.J. 573, 573–77 (1967); *see Dwyer v. United States,* 7 Cl.Ct. 565, 567 (1985). The legislative history and cases indicate that section 1500 was created for the benefit of the sovereign and was intended to force an election when both forums could grant the same relief, arising from the same operable facts. *Johns–Manville v. United States,* 855 F.2d 1556, 1564 (Fed. Cir.1988). The current purpose served by the section is to relieve the United States from defending the same case in two courts at the same time. *Id.* at 1562; *Dwyer,* 7 Cl.Ct. at 567.

*Arizona Helicopters,* upon which plaintiff based its argument for a far less than strict application of the waiver of the sovereign immunity doctrine relied primarily upon two cases, *Tecon Engineers v. United States,* 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), and *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966). Plaintiff's reliance upon *Tecon* is misplaced. There the court found that a similar, if not identical, suit had been filed in the United States District Court for the Eastern District of Kentucky subsequent to being filed in the Court of Claims.

The latter court did not have to reach to conclude that it should retain jurisdiction in such circumstances.

The clear meaning and legislative intent of [28 U.S.C. § 1500] was to prevent this court from taking jurisdiction *only* when the same plaintiff already 'shall have commenced and has pending' another suit on the same claim in another court.... [W]e conclude that the only reasonable interpretation of the statute is that it serves to deprive this court of jurisdiction of any claim for or in respect to which plaintiff has pending in any other court any suit against the United States, *only* when the suit shall have been commenced in the other court *before* the claim was filed in this court.

*Tecon Engineers,* 170 Ct.Cl. at 399, 343 F.2d at 949 (emphasis in original).

*Brown* provided invaluable guidance to the court on how to reasonably and justly interpret 28 U.S.C. § 1500 while being strict in its application of the rules of statutory construction to waivers of sovereign immunity. The jurisdictional elements in the case at bar and *Brown* are very similar. In *Brown,* plaintiffs filed suit in the United States District Court for the Western District of Louisiana one day prior to filing the same suit in the Court of Claims. In an apparently unreported action, the Court of Claims dismissed the complaint without prejudice as mandated by section 1500 because the same suit and requested remedies had been previously filed in a federal district court and were still pending. Later, a portion of the claim was dismissed by the district court as being beyond its jurisdiction. After the time for appeal had run from the decision of the district court without action, the Court of Claims vacated its earlier order and returned the case to the docket. In so doing the Court of Claims found that the "other claim" was no longer "pending in any other court." *Brown,* 175 Ct.Cl. at 348, 349, 358 F.2d at 1004, 1005. *Brown* concluded

[i]n this situation, we do not believe that 28 U.S.C. § 1500 requires us to deprive plaintiffs of the only forum they have in which to test their demand for just compensation. The District Court has decid-

ed that this claim is beyond its jurisdiction and plaintiffs have acquiesced in that ruling. Unless they can proceed in this court they will be unable to attempt to obtain a determination of the merits of this monetary claim. Section 1500 was designed to require an election between two forums both of which could presumably grant the same type of relief. See *Casman v. United States,* 135 Ct.Cl. 647 (1956); *Tecon Engineers, Inc. v. United States,* 170 Ct.Cl. 389, 393 *ff.,* 343 F.2d 943, 945, 170 Ct.Cl. 389 *ff.* (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). But Section 1500 was not intended to compel claimants to elect, at their peril, between prosecuting their claim in this court (with conceded jurisdiction, aside from Section 1500) and in another tribunal which is without jurisdiction. Once the claim has been rejected by the other court for lack of jurisdiction, there is no basis in the policy or wording of the statute for dismissal of the claim pending here. The plaintiffs could undoubtedly file a new petition, without any bar through Section 1500; it does not seem fair or make sense to insist that that must be done—with the limitations difficulties it may well entail.

*Id.* The *Brown* court thus returned the claim to its docket.

■ This court finds a direct correlation between the remedy suggested in *Brown* and what need be done here. There presently exists a genuine issue of law which must be decided by the United States District Court for the District of Columbia, *i.e.,* whether it has the jurisdiction to order HHS to make repayment of funds it withheld under the decision of the GAB. Under the strict rules of statutory construction placed before us, this court does not have jurisdiction over identical claims requesting identical remedies filed previously and still pending before the federal district court. Without the requisite jurisdiction, this court in these circumstances has no authority to grant a stay of proceedings. Plaintiff has no vested right to proceed in two forums, and this court is without jurisdiction to make any exceptions, equitable or otherwise. *Johns–Manville,* 855 F.2d at 1564–65. It is not possible for this court to move within a jurisdictional vacuum. Should the federal district court, however, lose its hold on the pending matter, finding it has no jurisdiction over the refund claim, section 1500 would no longer apply and this court would then be freed from the jurisdictional bonds that preclude action at this time. Then, and should the limitations period not have passed, this court should properly take and adjudicate the relevant issues. *Brown,* 175 Ct.Cl. at 348, 349, 358 F.2d at 1004, 1005.

■ In making this determination, the court was not unmindful of *Boston Five Cents Savings Bank v. United States,* 864 F.2d 137, (Fed.Cir.1988). There, plaintiff brought suit in the United States District Court for Massachusetts, seeking declaratory relief. No damages were sought by plaintiff initially. After the district court ruled against plaintiff, the First Circuit Court of Appeals reversed and remanded the action. Plaintiff then filed identical damage claims in the federal district court and this court. The Claims Court dismissed the action pursuant to 28 U.S.C. § 1500. On appeal, the Federal Circuit reversed and remanded the case with an order to stay proceedings, holding that plaintiff's

> original suit in district court [sought] only equitable relief in the form of a declaratory judgment. The Claims Court suit, although involving the same operative facts and dispositive issues, requests only monetary relief. Therefore, because different types of relief are sought, jurisdiction over the monetary claims lies in the Claims Court.

*Id.* at 139. The Court of Appeals continued that such action would be appropriate, even though judgment in the district court action would dispose of many, if not all, of the issues before the Claims Court. *Id.* at 140. In the case at bar, the same remedy is sought in both courts. Unlike the *Boston Bank* suit, the damages claim may well be fully adjudicated by the United States District Court for the District of Columbia, but that issue must be decided by that court. Should the federal district court

rule that the decision of the GAB was improper for any reason HHS might well be required to recommence payments to plaintiff as well as refund all monies previously recovered or withheld.

In conclusion, for the reasons given, the court finds that it has no jurisdiction over plaintiff's claims in this court and that it cannot simply stay the proceedings pending a decision by the United States District Court for the District of Columbia. This court, however, need not deny any hope for relief once and forever to plaintiff. Accordingly, plaintiff's complaint is dismissed, pursuant to 28 U.S.C. § 1500, but without prejudice and with the unfettered right to return the claim to the docket of the court *nunc pro tunc*, with no additional filing fee, should the district court determine that it is without jurisdiction over that claim. In so ruling, the court is sensitive to the concern of plaintiff and the Court of Appeals that the statute of limitations will at some point in time preclude action here.

The court notes however from the record before it that plaintiff has perhaps until 1994 to reinstitute its complaint here and cannot believe that the federal district court will not have ruled on the issue of its jurisdiction within that period of time, especially if this Opinion is brought to the attention of the district court. Defendant's motion to dismiss with prejudice is denied. Plaintiff's motion to stay proceedings is also denied, and its subsequent motion to file an amended complaint is deemed moot.[1] The Clerk is directed to enter judgment pursuant to RUSCC 12(b)(1) in conformance with this Order. No costs.

IT IS SO ORDERED.

---

1. On December 16, 1988 plaintiff filed a motion in this court for leave to file an amended complaint, seeking to challenge another decision of the GAB which related to the subject of the pending action, but was issued after the filing of these proceedings. A corresponding motion had been filed by plaintiff in the United States District Court for the District of Columbia. The court's present order moots the necessity of ruling on such a motion at this time.