**Fayyad AL–KURDI, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 757–87C.**

United States Claims Court.

April 26, 1989.

Michael J. Dennis, Washington, D.C., for plaintiff.

John E. Kosloske, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant. Paul Clayman and Christine M. Cervenak, Dept. of State, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action comes before the court on defendant's motion to dismiss without prejudice. The propriety of dismissal is not contested by either party. At issue is whether the court should condition dismissal by requiring defendant to agree to certain stipulations, and whether the court should allow plaintiff to perpetuate testimony pursuant to Fed.R.Civ.P. 27(c).

## FACTS

In June or July 1984, plaintiff, Mr. Fayyad Al–Kurdi, allegedly entered into a contract with the Administrative Counselor for the United States Embassy in Amman, Jordan, to find property within the Amman area for the relocation of the United States Embassy. In performance of that agreement, plaintiff allegedly showed a representative of the embassy land that was subsequently acquired as the location of the new embassy building. The property, however, was purchased through an agent other than plaintiff. As a result, plaintiff did not receive a commission, though allegedly he was the first person to show the property to embassy officials. Plaintiff contended that the United States' actions constituted a breach of contract. On December 10, 1987, plaintiff filed a complaint embodying his grievances in this court pursuant to the Contracts Disputes Act (CDA), 41 U.S.C. §§ 601–613 (1982). Plaintiff did not, however, submit a certified claim to the appropriate contracting officer prior to bringing the action, as required by 41 U.S.C. § 605(c)(1) (1982). Noting this procedural defect, defendant filed a motion to dismiss without prejudice, stating that the court had no jurisdiction over pre-certification CDA claims.

## DISCUSSION

■ Both parties are in agreement that dismissal of this case without prejudice is proper. For the court to take jurisdiction in this matter, plaintiff must present a certifiable claim in compliance with the requirements of 41 U.S.C. § 605(c)(1): a good faith claim presented to a designated contracting officer, supporting data that are accurate and complete to the best of plaintiff's knowledge and belief, and a damage request that accurately reflects the contract adjustment for which plaintiff believes the government is liable. *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); *Fredenburg v. United States*, 10 Cl. Ct. 216, 218 (1986). There is no dispute that plaintiff failed to comply with these jurisdictional prerequisites. Absent a certified claim, the court has no jurisdiction to rule on plaintiff's complaint, and the only appropriate response is to dismiss the case without prejudice. *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir.1985); *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 376, 685 F.2d 414, 418 (1982).

■ While plaintiff did not debate the propriety of dismissal, plaintiff did request that dismissal be conditioned upon defendant accepting a number of stipulations "to achieve a just, speedy and inexpensive determination" of this contract dispute. Plaintiff moved that defendant be required to designate the proper person(s) to whom plaintiff could present its claims, and to stipulate that plaintiff's prior verified discovery responses constituted a requisite certified claim. Defendant countered that since the court had no jurisdiction over pre-certification claims, the court had no power to accept the conditions *sua sponte* or to require defendant to honor plaintiff's stipulations. In addition, defendant argued that it had no authority to enter into stipulations that would be binding in future litigation, and, in any event, such stipulations would have no real effect on the court's jurisdiction. The court must concur with defendant's arguments. While the court is understanding of plaintiff's plight and his attempt to wade through the bureaucratic morass to find the proper officer upon whom to bring a certified claim, it is impossible for the court to work within a jurisdictional void. *Connecticut Dept. of Child and Youth Serv. v. United States*, 16 Cl.Ct. 102, 105 (1989). Even if the court

allowed plaintiff's stipulations, those stipulations would have no effect in any future litigation. It is well settled that stipulations of law are not binding on the court. *E.g. Bromley Contracting Co. v. United States,* 14 Cl.Ct. 69, 74 (1987), *aff'd without op.,* 861 F.2d 729 (Fed.Cir.1988). In addition, parties to a suit may not by prior action or consent confer subject matter jurisdiction upon a federal court. *E.g. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Should the parties stipulate that plaintiff's previous discovery requests constituted a certified claim, and the claim did not fulfill the procedural requirements of 41 U.S.C. § 605(c)(1), a future tribunal would nevertheless be required to decline jurisdiction in light of the defective certification. Thus, the court has little choice but to deny plaintiff's request for stipulations.

Plaintiff also moved to perpetuate the testimony of John Young, the former Administrative Counselor to the United States Embassy in Amman, pursuant to Fed.R.Civ.P. 27(c). Plaintiff stated that Mr. Young, allegedly one of the principal witnesses in the case, was training in the Washington, D.C. area, but was to be transferred overseas in May, 1989. Plaintiff sought to depose Mr. Young's testimony before that time to conserve resources and augment future litigation. The basis of plaintiff's motion was that Rule 27(c) was incorporated into the rules of this court. That is not the case. Rule 27(c) recognizes the power of a federal district court to entertain an action that was for-

merly called a bill of equity to perpetuate testimony. *See Shore v. Acands, Inc.,* 644 F.2d 386, 389 (5th Cir.1981). The Federal Rules of Civil Procedure are incorporated into the Rules of the United States Claims Court only "to the extent that they appropriately can be applied in [the Claims Court]." RUSCC 1(b). RUSCC 27(c) *Perpetuation by Action,* states simply, "[n]ot used," *i.e.,* the Claims Court does not allow perpetuated testimony by action. Moreover, neither this court nor its predecessor, the Court of Claims, has ever used perpetuated testimony. In these circumstances plaintiff's motion to perpetuate must therefore be denied.

## CONCLUSION

The court finds that it has no jurisdiction to rule on plaintiff's complaint since plaintiff has not presented a certifiable claim to a contracting officer as required by 41 U.S.C. § 605(c)(1). Thus, pursuant to RUSCC 12(b), defendant's motion is granted and the complaint is dismissed without prejudice. Similarly, plaintiff's requests for stipulations and perpetuated testimony are denied. The Clerk is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.